**William Franklin LEWELLEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45847.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Herrington, Levbarg & Weeks, by T. Allen Herrington, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder wherein the punishment was assessed at life.

Appellant's court-appointed counsel on appeal has filed a brief stating that the appeal is frivolous and without merit. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr. App.1969), counsel has advanced one ground of error as arguably supporting the appeal and has served a copy of such brief on the appellant. No pro se brief has been filed either in the trial court or in this court.

The sole ground of error urged relates to the claimed failure of the court to withdraw the appellant's plea of guilty and enter a plea of not guilty for him.

At arraignment the appellant stood mute and refused to plead. The court then entered a plea of not guilty for him. See Article 26.12, Vernon's Ann.C.C.P. After the State waived the death penalty some months later, the appellant entered a plea of guilty. Thereafter, the court admonished the appellant, in part, as follows:

"(The indictment was read.)

"THE COURT: To which indictment the Defendant pleads?

"THE DEFENDANT: Guilty, Your Honor.

"THE COURT: Do you plead guilty because you are guilty?

"THE DEFENDANT: I don't know, sir.

"THE COURT: You plead guilty because you are guilty as charged in the indictment; if you are guilty, say 'Yes;' if you are not, say 'No.'

"THE DEFENDANT: I guess I had better say 'Yes.'

"THE COURT: You are either going to have to say 'Yes,' or 'No' to that.

"THE DEFENDANT: I say 'Yes,' sir.

"THE COURT: 'Yes' ?

"THE DEFENDANT: Yes.

"THE COURT: All right. Is your plea influenced by any consideration of fear, any persuasion or delusive hope of pardon?

"THE DEFENDANT: No, sir.

"THE COURT: Has anyone promised you anything or made you plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: You are doing this solely because you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. You understand, if found guilty, you could be sentenced to the penitentiary for a minimum of two years to a maximum of life imprisonment?

"THE DEFENDANT: Yes.

"THE COURT: Do you waive the reading of the indictment on trial?

"MR. CLINTON: Yes.

"THE COURT: To which indictment you plead 'Guilty' or 'Not Guilty'?

"THE DEFENDANT: Guilty.

"THE COURT: You plead guilty because you are guilty?

"THE DEFENDANT: Yes, Your Honor."

It is appellant's contention that when he said, "I guess I had better say 'Yes'," that the court should have sua sponte withdrawn the plea of guilty and entered a plea of not guilty. We cannot agree. The appellant's guilty plea while he was represented by two able court-appointed counsel was not received until he had stated he was pleading guilty because he was guilty and after he was duly admonished. Luna v. State, 436 S.W.2d 910 (Tex.Cr.App.1969), is directly contrary to appellant's contention.

After an examination of the record, we conclude that the appeal is wholly without merit.

The judgment is affirmed.