Robert Tyrone **HENDERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49716.

Court of Criminal Appeals of Texas.

March 12, 1975.

David F. Farris, Court appointed on appeal only, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Travis Young and Clint Starr, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary. Punishment was assessed at five (5) years.

The record reflects that when appellant was first called upon to plead to the indictment he stated that he was not guilty.

When the court again inquired as to what the appellant's plea was, he then stated that he was guilty. The court then inquired if appellant was pleading guilty because he was guilty and for no other reason, whether anyone had held out any hope of pardon or promise of reward in return for a plea of guilty, whether anyone had threatened to harm appellant, whether appellant was pleading guilty because of any fear or persuasion, and admonished appellant as to the range of punishment for the offense charged. Appellant's answers to all these inquiries by the trial court show that appellant fully understood the consequences of his plea.

While testifying at the guilty plea trial appellant was asked if all the allegations in the indictment were true and correct. Appellant answered: "I was present, right." Appellant was again asked if the allegations in the indictment were true and correct and he answered: "Some are true, yes." At that point the trial court stated:

"Counsel, I am not going to take the plea in this case. We will try this case.

"Do you want to be tried? Are you guilty of this? If you are not guilty, I don't want you to plead guilty."

Appellant then stated that all the allegations were true and correct and appellant was found guilty of the offense charged.

Appellant contends that the trial court should not have accepted appellant's plea because of appellant's statement, and that the evidence is insufficient to support the conviction. We reject both contentions. The record reflects that the trial court refused to accept the guilty plea until appellant admitted that he was pleading guilty because he was guilty, and, failing such admission by appellant, offered appellant a trial on the merits. This was declined by appellant and we hold that the trial court did not err in accepting appellant's guilty plea. See Lewellen v. State, 485 S.W.2d 787 (Tex.Cr.App.1972); Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App. 1972). Likewise, we reject appellant's contention that the evidence is insufficient to support the conviction. Appellant testified that all the allegations in the indictment were true and correct. This judicial confession, standing alone, was sufficient to support the guilty plea. See Battiste v. State, 485 S.W.2d 781 (Tex.Cr.App.1972).

There being no reversible error, the judgment is affirmed.