Prentice Noel **ELLARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 68425.

Court of Criminal Appeals of Texas, En Banc.

June 1, 1983.

Don Ervin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Tommy Royce, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty.

and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of morphine; the punishment is imprisonment for 10 years.

The appellant waived a jury trial and entered a plea of not guilty before the court. The appellant urges the court erred in overruling his motion to suppress the evidence which he alleges was unlawfully obtained. The State asserts that stipulated evidence independent of any evidence which the appellant urges was unlawfully obtained, will support the conviction. The appellant stipulated that "(6) that, without admitting the truth of any of the allegations, the State's witnesses would testify as to facts that if believed, would satisfy on the elements of proof in the indictment." It would appear this stipulation—that witnesses would testify to facts that would satisfy the elements of proof of the indictment—would support the trial court's finding that the appellant was guilty of the alleged offense, independent of any evidence that was alleged to have been unlawfully obtained.

However, the agreement to stipulate the evidence is flawed and does not comply with Article 1.15 V.A.C.C.P., which in part provides:

"... The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

In this case the record does not show that the appellant's waiver and consent to stipulate evidence was approved by the court in writing and filed in the file of the papers in the cause. The agreement to stipulate evidence in this record was not approved and signed by the court. It has been held that compliance with Article 1.15 V.A.C.C.P. is mandatory for a stipulation to be considered as evidence. *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977); *Hughes v. State,* 533 S.W.2d 824 (Tex.Cr.App.1976).

Since the appellant's waiver and consent was not approved by the court in writing, and filed with the file of papers in the cause, the stipulation may not be considered and the evidence fails to support the conviction. *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983). Since this was trial error, *Young v. State,* supra, *Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App.1979), an acquittal will not be entered.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.