**Bruce Allen MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–89–014 CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1989.

John L. Anderson, Lufkin, for appellant.

Gerald Goodwin, Lufkin, for appellee.

OPINION

BURGESS, Justice.

Appellant was indicted for unauthorized use of a motor vehicle with two prior felonies. On July 21, 1986, appellant pleaded guilty to the court. On July 28, 1986, the court assessed punishment of eighteen years in the Texas Department of Corrections. Appellant filed a post-conviction writ of habeas corpus in the federal system and was granted an out-of-time appeal. Appellant urges two points of error: insufficient evidence and ineffective assistance of counsel. We reverse and remand on the first point.

Appellant was properly admonished prior to his guilty plea, but he did not execute a written judicial confession, nor did he make an oral judicial admission other than stating he was pleading guilty. Appellant did sign an agreement that evidence could be "stipulated into the record by the State's Attorney" or introduced through affidavits, written statements and other documentary evidence. The State, however, did not introduce such evidence. Appellant's counsel introduced appellant's confession.

Texas does not follow the common law doctrine of conviction by plea, but requires there be sufficient evidence to support a guilty plea. TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon 1977). See Thornton v. State, 601 S.W.2d 340, 348 (Tex. Crim.App.1980) (opinion on rehearing). Appellant's written confession does not prove all the elements of the offense. It contains no evidence of ownership of the vehicle, nor any ·evidence of non-consent. Appellant never was asked whether the indictment was "true and correct." See Dinnery v. State, 592 S.W.2d 343 (Tex.Crim. App.1979). There is insufficient evidence in the record to support appellant's guilty plea. Therefore, we must reverse and remand for a new trial. Ex parte Martin, 747 S.W.2d 789 (Tex.Crim.App.1988) (opinion on rehearing).

Reversed and remanded.

BROOKSHIRE, Justice, dissenting.

Dissenting respectfully, I file this opinion. The Court's decision to me is amazing, baffling and marvelous. The indictment charged Bruce Allen Massey, also known as Tony Clayton, with intentionally and knowingly operating without the effective consent of Nora Matthews, the owner thereof, a motor propelled vehicle, a 1983 automobile. No doubt whatever exists that Massey and Clayton are one and the same person. The indictment contained two enhancement paragraphs.

The first enhancement allegation averred that on May 1, 1985, in Dallas County Bruce Allen Massey was duly and legally convicted of the burglary of a habitation. The second enhancement paragraph set out that on April 1, 1982, in Dallas County Bruce Allen Massey was duly and legally convicted of a felony, to-wit: an unauthorized use of a motor vehicle.

The date of the principal offense was on or about June 7, 1986, in Angelina County. There was a waiver of a jury trial and an agreement to stipulate testimony. In the agreement concerning the stipulated testimony or evidence, the defendant waived the appearance, confrontation, and cross-examination of witnesses and agreed that the testimony of said witnesses may be stipulated into the record by the State's attorney and such testimony would be regarded the same as if the witnesses were present in court, testifying under oath. Affidavits, written statements, and all other documentary evidence may be introduced under the stipulation. Other significant waivers were entered into. A formal, separate written judicial confession as such in open court was not obtained.

Glaringly clear is the record and the evidence on the hearing to take the guilty plea. Massey was fully satisfied with his attorney. The detailed reading of the indictment was waived. Massey said, yes, that he understood that he was charged with unauthorized use of a motor vehicle. Then the court asked:

"THE COURT: And how do you plead to that?

"MR. BRUCE ALLEN MASSEY: Guilty, your honor."

Massey stated no one had forced him to plead guilty. He was pleading guilty of his own free will voluntarily. Massey stated that he realized there was a jury panel available the very day of the hearing. He waived the jury. The full range of punishment for an unauthorized use of a motor vehicle was explained to him. The enhancement paragraphs were discussed. Further we find:

"THE COURT: Do you feel like you understand the charges against you? You feel like you understand the punishment range involved in your indictment?

"MR. BRUCE ALLEN MASSEY: Yes sir.

"THE COURT: All right. And, of course, you have not been promised anything to enter a plea of guilty here today have you?

"MR. BRUCE ALLEN MASSEY: No sir I haven't.

"THE COURT: And I assume you are pleading guilty because you are guilty and you want to take your punishment and get this matter behind you, is that the purpose of your plea?

"MR. BRUCE ALLEN MASSEY: Yes sir.

"THE COURT: And you are not taking any medication or anything that would interfere with your judgment here today, are you?

"MR. BRUCE ALLEN MASSEY: No sir.

"THE COURT: Mr. Newman, do you believe Mr. Massey is competent to stand trial here today?

"MR. KELLY NEWMAN: Yes, your honor, I do."

At about this point it was stated to the court *that the attorney for Massey had asked to withhold the offering of evidence until a later time in order to get other matters "out of the way".* At a later time, at the accommodation of the parties, the court conducted a hearing on July 28, 1986, on the hearing on punishment.

"THE COURT: All right. Okay. If you will stand up then Bruce Allen Massey. Bruce Allen Massey, you are the same one that was in here on the twenty-first and pled guilty to this unauthorized use of a motor vehicle, is that correct, Mr. Massey?

"MR. BRUCE ALLEN MASSEY: Yes sir, I am."

The State withdrew the second enhancement paragraph. The court then asked that the first enhancement paragraph be read. This was waived. And a plea of true was entered to the first enhancement paragraph.

"THE COURT: All right. I assume that you are, your attorney pled true to that. So there will be no question about it, are you pleading true to that conviction as well?

"MR. BRUCE ALLEN MASSEY: Yes sir, your honor."

Later during the hearing, a pen-packet was put into evidence without objection that was offered for the purpose of proving up the first enhancement paragraph. *The attorney of record for Massey introduced the Appellant's statement to which the State's attorney had no objection.* The statement was marked Defendant's Exhibit No. 1 and was admitted into evidence before the court for all purposes. The Appellant's counsel in summarizing and in arguing the Defendant's Exhibit No. 1 maintained this:

"... But I would like to point that out to the court so you would understand it's the state of mind he was *in at the time he stold [sic] this car. But when he was apprehended, arrested, he didn't try to lie his way out of it, he admitted it and pled guilty before this court.*" (Emphasis added)

The voluntary statement that was actually proferred by Bruce Allen Massey, also known as Tony Clayton, is the following:

"I was staying in Dallas, and on Friday, June 6, 1986, I decided I didn't want to stay in Dallas any longer. I was just a drifter anyway and wasn't really staying any place. Janet Hodges was with me and she is pregnant, and I just decided to take off somewhere and find a job. We caught the bus and picked a place to get

off which just happened to be Lufkin. We just walked around for a while. We had been here about five or six hours when this black guy picked us up on Highway 69. We rode around and talked a while and then we went to this guy's house. We started getting drunk and smoked a couple of joints. We went to get some more beer and left Janet there at the house. When we got back, Janet was walking down the road. I asked her what she was doing and she said some white men had come in there and started talking some stuff to her. I told the guy to go ahead and take us back up on the road if stuff like that was going to be happening. I was pretty drunk by then. The next thing I knew we were at a hospital. I saw this vehicle, an Oldsmobile, and the door was unlocked and the keys were in it. Janet was walking down the street, and I started the car and told her to get in. She got in and we drove off. I didn't know which way to go, but I was going to try to get back to Dallas. I stopped at a gas station and got about $10.00 worth of gas and drove on down the highway. There was a law sitting on my left on up the highway and he got in behind me. *I was scared because it wasn't my car. I lost myhead [sic] and took off and he got after me.* I was thinking about stopping when a whole bunch of police started coming and I just kept on going. *They set up a road block, and I passed the road block,* and a couple of miles on up the road the law shot my tires. About three to five minutes later the tire went down and they caught up with us and told us to get out of the car. They arrested us then. They told me that three or four counties had a hold on me, and I was put in one jail, then another jail, and then in Lufkin jail." (Emphasis added)

Bruce Allen Massey and Tony Clayton were proved to be one and the same person by fingerprint records. I think it is clear in the record that the district judge considered everything from the confession or statement as evidence and testimony before him.

Appellant did not appeal this case. Later Appellant sought a writ of habeas corpus from the Texas Court of Criminal Appeals which application for the great writ was denied. Appellant then filed a habeas corpus proceeding with the United States District Court. The Federal Magistrate's report recommended that the writ be granted if the Appellant was not provided with an out-of-time appeal. This out-of-time appeal followed. The Appellant's basic contention and the weight of his argument are that he is entitled to a reversal and an acquittal because the State did not introduce evidence into the record showing his guilt. Appellant took the position that Article 1.15 of the Texas Code of Criminal Procedure was eviscerated. I cannot agree.

Actually, a careful reading of the record shows that the State was prepared to go forward and present such evidence but at the request of the Defendant/Appellant another course was taken. Nevertheless, I think Article 1.15 was substantially satisfied. The Appellant made a full stipulation as contemplated and provided for by the second sentence of Article 1.15.

The Appellant in accordance with the Code consented in writing in open court to both an oral stipulation of the evidence and written statements of witnesses. Appellant Massey was a witness—the principal one. I submit that the extended dialogue between the Appellant, his capable and approved attorney of record on the one hand and the trial judge on the other on two separate occasions plus the Appellant's voluntary statement would support the finding of guilty and comply with Article 1.15. See *Dinnery v. State,* 592 S.W.2d 343 (Tex. Crim.App.1979).

It is, I think, settled law that the testimony or voluntary statement of a defendant which has been admitted into evidence before the trial judge (wherein a defendant has admitted his guilty participation in a crime for which he was charged) constituted a judicial confession of his guilt of that crime by which he is bound. See *Ex parte Keener,* 166 Tex.Crim. 326, 314 S.W.2d 93 (1958); *Harper v. State,* 148 Tex.Crim. 354, 187 S.W.2d 570 (1945). In the transcription

of the court reporter's notes, there is a dialogue to the effect that the Appellant understood the indictment and that he plead true to the same. I submit that this exchange when augmented by other colloquies was tantamount to a statement that all of the allegations in the indictment were true and correct and was a judicial confession that the Appellant was guilty of the offense charged. See *Henderson v. State*, 519 S.W.2d 654 (Tex.Crim.App.1975). On each of the pages of Appellant's statement he certified that the facts contained therein are true and correct. I would hold that the statement of Massey that was before the trial judge was much more meaningful and much more reliable than the formalistic, short, stylized "judicial confession" that we see in printed, mimeographed or stereotyped forms.

It should be borne in mind that the Texas Court of Criminal Appeals denied an out-of-time appeal and denied a writ of habeas corpus for this Appellant. Thereafter, a United States Magistrate ordered an appeal although under long established United States law a simple plea of guilty in the United States District Court is sufficient and the government of the United States does not have to augment the plea of guilty with additional proof. Here we simply have a state statute which was satisfied by the statement or confession of the accused himself.

Nevertheless, the United States Magistrate has undertaken to enforce what is perceived to have been some sort of technical omission in the procedure under a Texas statute. Nevertheless, against this background the Court reverses and orders a remand. But the Court has said the evidence is insufficient. Once this Court has declared the evidence insufficient, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) dictated an acquittal. An acquittal would be, in my opinion, a miscarriage of justice.