Gary Lane PINE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–01022–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 17, 1994.

Patrick Shelton, R. Scott Shearer, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before SEARS and LEE, JJ., and ROBERT E. MORSE, Jr., J., Sitting by Designation.

## OPINION

LEE, Justice.

This is an appeal from a felony conviction for driving while intoxicated. Punishment was assessed at three years probation and a $500.00 fine. We reverse and order entry of an acquittal.

Appellant was charged with driving while intoxicated. Because the indictment alleged that appellant had been convicted twice previously for the same type offense, this charge was enhanced to a felony. Appellant pled not guilty to the court and orally waived his right to a jury trial. Appellant and the State then entered into a written stipulation of evidence using a form normally used for taking guilty pleas. Through interlineation, appellant and the prosecutor modified the form by inserting the word "not" before the words "true" and "guilty" each time they appeared in the form. Appellant also made a handwritten notation on the form. The notation stated that, "Defendant agrees that the State offers this stipulation and he does not object to its admission. He pleads not guilty to the offense of DWI." This notation was then signed by appellant, and the modified form was then signed by defense counsel, the State's attorney and the trial court. In this stipulation, which tracked the language of the indictment, appellant agreed to waive the appearance, confrontation, and cross-examination of witnesses and further agreed that the State *could* offer evidence by affidavits, written statements of witnesses, and other documentary evidence. After executing the stipulation of evidence form, the State offered it into evidence and then rested. The defense offered no evidence. The trial court then accepted the stipulation and based on that stipulation, found appellant guilty as charged. In a single point of error, appellant contends that the evidence is insufficient to support the trial court's finding of guilt because the stipulation did not constitute evidence and the State failed to offer any other evidence to prove appellant's guilt.

To sustain a conviction for driving while intoxicated, the State must show that appellant (1) was intoxicated, (2) while driving or operating a motor vehicle, (3) in a public place. TEX.REV.CIV.STAT.ANN. art. 67011–1 (Vernon 1992). The only evidence offered by the State in this case was a stipulation that tracked the language of the indictment. The record shows that appellant pled not guilty to the charged offense and not true to the allegations in the indictment. The State offered no additional evidence to support its allegations.

■ The State argues on appeal that the stipulation of evidence constituted an agreement between the parties that, "if" the State presented evidence of the charged offense, that that evidence would support the allegations made in the indictment. The record does not support this position. Appellant did not stipulate that if the State called witnesses, the witnesses would testify that the allegations in the indictment were true. In fact, appellant denied the truth of the allegations when by agreement, the stipulation of evidence form was modified. Instead, appellant only stipulated that the State *could* introduce such evidence to satisfy the State's burden of proof under art. 67011–1. A stipulation that certain testimony could be offered is not a stipulation that such testimony would be true. See *Bourland v. State*, 502 S.W.2d 8, 9 (Tex.Crim.App.1973). Without offering any evidence of appellant's guilt, the State has failed to provide sufficient evidence of guilt. See *Massey v. State*, 777 S.W.2d 739, 740 (Tex.App.—Beaumont 1989, no pet.).

■ When a defendant's conviction is overturned due to a failure of proof at trial, the appellate court is to order the entry of a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); see *Thornton v. State*, 601 S.W.2d 340, 344 (Tex.Crim. App.1980) (opinion on reh'g). Accordingly, appellant's sole point of error is sustained and the judgment of the trial court is reversed and the trial court is ordered to enter a judgment of acquittal.