**Gregory Lance STONE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00332–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 7, 1995.

Discretionary Review Granted
Dec. 13, 1995.

Edward Mallett, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## MAJORITY OPINION ON MOTION FOR REHEARING

LEE, Justice.

Appellant entered a no contest plea without a punishment recommendation to the charge of attempted murder. TEX.PENAL CODE ANN. §§ 15.01; 19.02 (Vernon 1989 & Supp.1994).[1] The trial court accepted his no contest plea but deferred a finding of guilt

until after the presentence investigation report (PSI) was completed. After reviewing the PSI, the trial court found appellant guilty and assessed punishment at sixteen (16) years in prison and a five thousand dollar ($5,000) fine. Appellant poses four points of error. We reverse and remand.

In his first point of error, appellant contends that the state failed to provide sufficient evidence to support a guilty finding by the trial court. Appellant entered a no contest plea by executing two documents: Plea of No Contest and Written Admonishment. Each of these documents is typically used by the courts to accept a guilty plea. Each time the form indicated "guilty," appellant crossed-out "guilty" and wrote in "no contest." In the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" section of the Plea of No Contest form, appellant struck through "Judicial Confession." He also modified the statement, "I understand the above allegations and I confess that they are true and that the acts alleged above were committed" so that it read, "I understand the above allegations *and the witnesses would testify* that the acts alleged above were committed." In the Written Admonishments form, appellant altered the section entitled "Judicial Confession." The section, with interlineations indicated with italics, read:

I further state that I have read the indictment or information filed in this case and that I *agree that the state's witnesses would testify that I* committed each and every allegation it contains. *They would testify that* I am guilty of the offense alleged as well as all lessor included offenses.

■ A person accused of committing a felony must be convicted by a jury unless he enters a plea and waives his right to a trial by jury in open court and in writing. TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1995). Texas does not follow the common law doctrine of conviction by plea. *Massey v. State*, 777 S.W.2d 739, 740 (Tex.App.—

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Act of June 19, 1993, 73rd Leg., ch. 900, § 1.18(b), 1993 Tex.Gen.Laws 3589, 3705. Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

Beaumont 1989, no pet.); *cf. North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (noting that while most pleas consist of both a waiver of trial and an express admission of guilt, an express admission of guilt is not "a constitutional requisite to the imposition of criminal penalty"). In Texas, if an accused enters a plea and waives his right to a trial by jury, the state still must introduce evidence proving guilt to support the judgment. *See* TEX.CODE CRIM. PROC.ANN. art. 1.15 (Vernon Supp.1995); *Thornton v. State*, 601 S.W.2d 340, 347 (Tex. Crim.App.1980) (op. on reh'g), *overruled on other grounds, Bender v. State*, 758 S.W.2d 278, 280 (Tex.Crim.App.1988); *Massey*, 777 S.W.2d at 740; *see also Jack v. State*, 871 S.W.2d 741, 743 (Tex.Crim.App.1994). The evidence supporting the judgment "may be stipulated if the [accused] consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses." TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1995); *see also Thornton*, 601 S.W.2d at 347 ("in Texas, evidence is received to support the judgment, not to accept the plea").

■ After the PSI was prepared, the trial court held a hearing. At the conclusion of this hearing, the trial court found appellant guilty "based upon [appellant's] Plea of No Contest and the evidence considered herein." The evidence presented consisted of: 1) the Plea of No Contest, 2) the Written Admonishment, and 3) the PSI. The state did not offer any other evidence in the form of affidavits or testimony in support of the judgment.

The state argues that the documents executed in this case were sufficient to satisfy the requirements of article 1.15 of the code of criminal procedure. The documents executed show that appellant entered a no contest plea and are an effective waiver of his right to a trial by jury. However, the documents, as modified, are not sufficient to support the judgment. The documents indicate that the

state's witnesses would testify that appellant committed attempted murder. A stipulation that certain testimony could be offered by the state is not a stipulation that the testimony would be true. *Pine v. State*, 872 S.W.2d 25, 26 (Tex.App.—Houston [14th Dist.] 1994, no pet.). "A 'Stipulation of Evidence' is not an agreement that the evidence or testimony is admissible or that the testimony is truthful. It is merely an agreement to waive cross-examination of witnesses and agree that the written version of their testimony is the same as it would be if they were in the courtroom." *Stewart v. State*, 681 S.W.2d 774, 775 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd) (en banc). The documents executed by appellant do not stipulate to the truth of the allegations. Thus, without additional evidence presented to the trial court, the documents do not provide sufficient evidence of guilt to support the conviction.[2] *Cf. Brewster v. State*, 606 S.W.2d 325 (Tex.Crim. App. [Panel Op.] 1980) (trial court admonished defendants that stipulations were "the same thing as *judicial confession[s]* " (emphasis in original)).

■ In the alternative, the state argues that based on *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985), we should review the PSI to support the finding of guilt. The PSI was prepared so that the trial court could determine an appropriate punishment. In *DeGarmo*, the Court of Criminal Appeals reviewed a direct appeal of a capital murder, death penalty conviction. During the punishment phase of the trial, DeGarmo took the stand and admitted that he killed a twenty-year-old female. The court reiterated that, under Texas law, if the accused takes the stand during the punishment phase of trial and admits his guilt, he waives any sufficiency of the evidence complaint. *Id.* at 661. The court also stated:

the judgment in some form. Article 1.15 provides for testimony by affidavits, written statements of witnesses, and other documentary evidence. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1995).

---

2. In its motion for rehearing, the state argues that our holding would require appellant to admit to the truth of the witness' testimony, thereby making his plea of no contest meaningless. We disagree. Rather, our holding merely requires the state to present sufficient evidence to support

[I]t has long been the law of this State that in reviewing the sufficiency of the evidence, this Court will look to all of the evidence in the case that was adduced at both stages of the trial, and not just that offered or presented by the State. Thus, evidence presented at the punishment stage of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense.

*Id.* (citations omitted).

However, in *Munoz v. State,* 853 S.W.2d 558 (Tex.Crim.App.1993), the Court of Criminal Appeals indicated that *DeGarmo* overstated the use of punishment phase evidence in a sufficiency of evidence review. The court stated:

[A]n appellate court is only authorized to view the punishment phase of the trial to determine whether a defendant has, by admitting elements of the offense, waived his right to complain of error during the guilt-innocence phase. Absent a judicial confession by the defendant, evidence from the punishment phase of trial will not be considered in determining the sufficiency of the evidence to support a conviction.

*Id.* at 560 n. 3. *See also McGlothlin v. State,* 896 S.W.2d 183 (Tex.Crim.App.1995) (error in the guilt-innocence phase of trial is waived by an admission of guilt during the punishment phase of trial). The only evidence offered during the punishment phase of the trial was the PSI. Appellant did not testify or otherwise confess his guilt. Under *Munoz,* the state may not rely on the PSI to support the conviction.[3]

Furthermore, there is no statement of facts of the guilt-innocence phase proceedings. The record only contains the documents executed by appellant with the modifications indicated above. Without offering any additional evidence, the state failed to present sufficient evidence to support a find-

ing of guilt. *Pine,* 872 S.W.2d at 26. *See also Bender v. State,* 758 S.W.2d 278 (Tex. Crim.App.1988); *Thornton v. State,* 601 S.W.2d 340 (Tex.Crim.App.1980) (op. on reh'g); *Massey v. State,* 777 S.W.2d 739 (Tex.App.—Beaumont 1989, no pet.). Appellant's first point of error is sustained.[4]

■ Ordinarily, we must reverse the judgment and order an acquittal upon finding the evidence insufficient to support a conviction. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The Court of Criminal Appeals, however, has stated that "a defendant who enters a nolo contendere plea freely and voluntarily and persists in such plea despite the admonishment of the consequences is not entitled to go free and stand acquitted because of the interlineation utilized." *Bender,* 758 S.W.2d at 280 (Tex. Crim.App.1988); *accord Ex parte Martin,* 747 S.W.2d 789, 792–93 (Tex.Crim.App.1988). The proper relief in such a case is to reverse the judgment and remand the cause to the trial court. *Bender,* 758 S.W.2d at 280–81. Accordingly, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

EDELMAN, Justice, dissenting.

I respectfully withdraw my concurrence with, and dissent from, the opinion of the majority that a defendant must admit the truth of evidence offered in support of a plea of guilty or no contest in order for that testimony to be sufficient to support the conviction.

As the majority opinion correctly recognizes, Article 1.15 of the Texas Code of Criminal Procedure provides an exception to the requirement of a jury trial to convict a defendant of a felony where the defendant waives his right thereto and the State introduces sufficient evidence of guilt to convict. TEX. CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1992).

---

**3.** We are aware that the First Court of Appeals reached the opposite result in a substantially similar case, *Mueller v. State,* No. 01–92–00163–CR, 1992 WL 361310 (Tex.App.—Houston [1st Dist.] December 10, 1992, n.w.h.) (not designated for publication). The First Court relied on *DeGarmo* and determined that it could review the PSI. However, *Mueller* was decided before

the Court of Criminal Appeals limited the use of punishment phase evidence in *Munoz.*

**4.** Because of our disposition of point of error one, we do not need to address appellant's remaining points of error.

If the defendant further waives his right to confront and cross-examine the witnesses, the evidence of guilt may be "stipulated" as specified in Article 1.15. *Id.*

Importantly, however, the necessary evidence can consist solely of a "judicial confession," i.e., the defendant's admission that the allegations of the indictment are true. *Dinnery v. State*, 592 S.W.2d 343, 352–53 (Tex. Crim.App.1979). *Alternatively*, however, "it is settled that, as a matter of Texas *criminal law*, the term 'stipulation,' at least as used in Art. 1.15, ... includes *inter alia* agreements as to what particular evidence or testimony would be, if presented in full in open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof." *Robinson v. State*, 739 S.W.2d 795, 799–800 n. 5 (Tex.Crim.App.1987) (emphasis in original). Thus, as the United States Supreme Court has stated:

> [w]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.
>
> *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).

The correct disposition of this case is illustrated by *Ellard v. State*, 650 S.W.2d 840 (Tex.Crim.App.1983). There, the defendant stipulated that "without admitting the truth of any of the allegations, the State's witnesses would testify as to facts that if believed, would satisfy on the elements of proof in the indictment." *Id.* at 841. The Court of Criminal Appeals stated that "this stipulation—that witnesses would testify to facts that would satisfy the elements of proof in the indictment—would support the trial court's finding that the appellant was guilty of the alleged offense independent of any [other] evidence that was alleged to have been unlawfully obtained." *Id.*

Article 1.15 is simply a means for a defendant to waive a trial and, correspondingly, the right to confront and cross-examine witnesses. In order to be convicted under this alternative, a defendant need not admit the truth of the prosecution evidence, any more so than he would to be convicted at trial. Based on the foregoing, I believe that a guilty or no contest plea which is otherwise supported by a stipulation that sufficient evidence of guilt exists is not required to also include the defendant's admission that the evidence is true. Accordingly, I would affirm the conviction in this case.