TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00154-CR


NO. 03-99-00155-CR







Glendora Geraldine Luckey, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NOS. 6842 & 6843, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Glendora Luckey, appellant, pleaded guilty to the offenses of intoxication
manslaughter and failure to stop and render aid. See Tex. Penal Code § 49.08(a) (West Supp.
2000); Tex. Transp. Code Ann. § 550.021 (West 1999). The indictment for intoxication
manslaughter included an allegation that appellant's pickup truck, in the manner of its use or
intended use, was a deadly weapon. A jury assessed punishment for the intoxication manslaughter
offense at twenty years in prison and a $10,000 fine and punishment for the failure to stop and
render aid offense at five years in prison and a $5,000 fine. Appellant seeks a new punishment
hearing complaining that (1) the trial court erred by admitting a photograph as evidence and (2)
the evidence was insufficient to support the deadly weapon finding. We will affirm the judgment.



 The facts of the incident are not disputed. In the afternoon of July 10, 1998, after
visiting a friend in Lampasas, appellant was driving her pickup truck along Highway 190. She
was not far out of town when Joe Gayfield saw her hit a fourteen-year-old boy who was riding
a bicycle on the shoulder of the highway. On impact, the boy flipped over the hood of the truck
and apparently was killed instantly. 


Photograph

 In her first issue appellant contends that the trial court abused its discretion by
allowing as evidence an enlargement of a smaller photograph the court had previously admitted
as evidence. 

 As part of its case, the State introduced a small color photograph of the deceased
boy. The photograph showed the boy clothed, lying in the grass next to the shoulder of the
highway. Witnesses testified that the photograph showed the boy's body in the position they found
him at the scene. This photograph was admitted without objection. Later, the State introduced
an enlarged version of the same color photograph. Appellant objected to the larger photograph
contending that it was cumulative, repetitious and prejudicial. The trial court overruled
appellant's objection and admitted the enlarged photograph as evidence. 

 The admissibility of photographs over any challenge is within the sound discretion
of the trial judge. Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995); Jones v.
State, 843 S.W.2d 487, 500-01 (Tex. Crim. App. 1992). As a general rule, photographs are
admissible when verbal testimony about matters depicted in the photos is also admissible. Hicks
v. State, 860 S.W.2d 419, 426 (Tex. Crim. App. 1993); Hernandez v. State, 819 S.W.2d 806,
819 (Tex. Crim. App. 1991). 

 Rule 403 provides that, although relevant, evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury. Tex. R. Evid. 403. Several factors may be considered in
determining whether the danger of unfair prejudice substantially outweighs the probative value
of photographs including: (1) the number of exhibits offered; (2) their gruesomeness, detail, and
size; (3) whether they are black and white or color; (4) whether they are close-up; (5) whether the
body is naked or clothed; and (6) the availability of other means of proof and the circumstances
unique to each individual case. Hicks, 860 S.W.2d at 426; Williams v. State, 927 S.W.2d 752,
765 (Tex. App.--El Paso 1996, pet. ref'd). 

 It is true that the two photographs were the same other than size and could be
deemed cumulative. Cumulativeness, however, is not alone a basis for exclusion. The trial court
should allow a party to make its case in the most persuasive manner possible. See Alvarado v.
State, 912 S.W.2d 199, 212 (Tex. Crim. App. 1995). This may mean that a party may need to
use evidence that is in a form which enhances its effectiveness. Id. Enlargement of a photograph
alone does not render the probative value outweighed by the danger of unfair prejudice. See
Williams, 927 S.W.2d at 765. In Williams, the State introduced four 12x16 enlargements of 4x6
photographs of the deceased and her wounds. The Williams court held that the photographs were
not particularly gruesome or gory despite the enlarged size and possessed significant probative
value because they clarified and supported observations and conclusions about the victim's injuries
and revealed the manner of death. Id. at 765-66. 

 Here, the photographs were not particularly gruesome. Although the deceased's
body was lying in a contorted position, the body was clothed and there was very little blood. The
enlarged photograph aided the jury in assessing the accident scene and the injuries to the deceased. 

 We conclude the trial court did not abuse its discretion in determining that the
probative value of the enlarged photograph was not substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury. Appellant's first issue is
overruled. 


Deadly Weapon Finding

 In her second issue appellant challenges the sufficiency of the evidence supporting
the allegation in the indictment that appellant "did use a deadly weapon, to wit; an automobile that
in the manner of its use or intended use was capable of causing death or serious bodily injury."

 In addressing a legal sufficiency challenge, we view all of the evidence in the light
most favorable to the verdict, and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). 

 An automobile is not a deadly weapon unless the record compels the conclusion that
the vehicle was used in a manner that made it a deadly weapon. See Tyra v. State, 897 S.W.2d
796, 798 (Tex. Crim. App. 1995). Driving an automobile in a manner capable of causing death
or serious bodily injury is using it as a deadly weapon. Id.; see also Williams v. State, 946
S.W.2d 432, 435 (Tex. App.--Fort Worth 1997), pet. dism'd improvidently granted in part,
reformed in part, and affirmed, 970 S.W.2d 566 (Tex. Crim. App. 1998). 

 Initially we note that appellant pleaded guilty to the offense alleged in the
indictment. She testified that all the allegations in the indictment were true and correct. This
judicial confession, standing alone, was sufficient to support the guilty plea and more specifically
was sufficient evidence to support the deadly weapon finding. See Dinnery v. State, 592 S.W.2d
343, 354 (Tex. Crim. App. 1979); Henderson v. State, 519 S.W.2d 654, 655 (Tex. Crim. App.
1975). 

 In addition to appellant's guilty plea and testimony, there was other evidence
presented that supported the deadly weapon finding. Joe Gayfield, an eyewitness to the accident,
described the manner in which appellant was driving when the boy was struck. Gayfield noticed
appellant's truck come up behind him and pass him. After appellant passed him she drove off the
road onto the right shoulder. It was about that time that he saw appellant's truck hit the bike and
saw the boy fly up in the air off the bicycle and flip over the hood of the truck. Ricardo Leija,
another witness, testified about the manner in which appellant was driving immediately after the
accident. He observed appellant go into the center-turn lane, then back out of the left-turn lane,
back into the flow of traffic, pass him, go off the road onto the shoulder, back into the right lane,
drive off and disappear from sight. Leija noticed a dog in the bed of appellant's pickup which he
thought was going to fall out due to appellant's erratic driving. 

 Viewing these two witnesses' testimony in the light most favorable to the
prosecution, a rational trier of fact could have found beyond a reasonable doubt that appellant's
pickup truck, in the manner of its use or intended use, was a deadly weapon. 

 Finally, to the extent appellant's second issue raises a complaint about the charge
we overrule it. Appellant initially objected to the charge but later withdrew the objection.
Appellant's second issue is overruled.

 The trial court's judgment is affirmed.



 


 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 13, 2000

Do Not Publish



etion in determining that the
probative value of the enlarged photograph was not substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury. Appellant's first issue is
overruled. 


Deadly Weapon Finding

 In her second issue appellant challenges the sufficiency of the evidence supporting
the allegation in the indictment that appellant "did use a deadly weapon, to wit; an automobile that
in the manner of its use or intended use was capable of causing death or serious bodily injury."

 In addressing a legal sufficiency challenge, we view all of the evidence in the light
most favorable to the verdict, and determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State,
614 S.W.2d 155 (Tex. Crim. App. 1981). 

 An automobile is not a deadly weapon unless the record compels the conclusion that
the vehicle was used in a manner that made it a deadly weapon. See Tyra v. State, 897 S.W.2d
796, 798 (Tex. Crim. App. 1995). Driving an automobile in a manner capable of causing death
or serious bodily injury is using it as a deadly weapon. Id.; see also Williams v. State, 946
S.W.2d 432, 435 (Tex. App.--Fort Worth 1997), pet. dism'd improvidently granted in part,
reformed in part, and affirmed, 970 S.W.2d 566 (Tex. Crim. App. 1998). 

 Initially we note that appellant pleaded guilty to the offense alleged in the
indictment. She testified that all the allegations in the indictment were true and correct. This
judicial confession, standing alone, was sufficient to support the guilty plea and more specifically
was sufficient evidence to support the deadly weapon finding. See Dinnery v. State, 592 S.W.2d
343, 354 (Tex. Crim. App. 1979); Henderson v. State, 519 S.W.2d 654, 655 (Tex. Crim. App.
1975). 

 In addition to appellant's guilty plea and testimony, there was other evidence
presented that supported the deadly weapon finding. Joe Gayfield, an eyewitness to the accident,
described the manner in which appellant was driving when the boy was struck. Gayfield noticed
appellant's truck come up behind him and pass him. After appellant passed him she drove off the
road onto the right shoulder. It was about that time that he saw appe