Opinion issued February 27, 2003
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00376-CR




GREGORY GILBERT GAGNON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court No. 11
Harris County, Texas
Trial Court Cause No. 1078048





MEMORANDUM OPINION 
          Appellant, Gregory Gilbert Gagnon, Jr., pled not guilty to misdemeanor driving
while intoxicated (DWI) and signed a written waiver of right to jury trial. The trial
court found appellant guilty based on an oral stipulation of evidence and assessed
punishment at three days’ confinement in jail and a $100 fine. Appellant’s sole point
of error challenges the legal sufficiency of the evidence to support his conviction, on
the grounds that the stipulated evidence contained no opinion evidence that appellant
was intoxicated. We affirm.
Background Facts and Procedural History
          Appellant stipulated orally to the evidence contained in State’s Exhibit One,
which contained the following: (1) a Houston Police Department DWI/DUI Traffic
Case Report; (2) a statutory warning form indicating that appellant refused a breath
test and had a strong odor of alcohol and slurred speech; (3) a notice of suspension
of appellant’s Louisiana driver’s license and temporary driving permit; and (4)
Houston Police Officer C.F. Crum’s sworn police report. The record reflects that, in
addition to not challenging “the inherent hearsay” of the documents in State’s Exhibit
One and offering no opposition to admitting the exhibit into evidence, appellant also
agreed, through his trial counsel, that if Officer Crum “were called to the stand,” he
would “testify in accordance with” the contents of the report. Appellant also
stipulated that if Officer A.J. Mock were called as a witness, he would testify in
accordance with the contents of the statutory warning contained in the report. The
record shows that the trial court considered State’s Exhibit One in finding appellant
guilty.
          Officer Crum averred in his sworn report that he “had probable cause to believe
and [did] believe that [appellant] was driving or in actual physical control of a motor
vehicle in a public place . . . in this state while intoxicated or under the influence of
alcohol.” Officer Crum then stated the “facts in support of this belief,” which follow.
          Officer Crum stopped appellant’s car at about 3 a.m. on the south service road
of the Katy Freeway after observing that the car wove excessively onto the lane
stripes and between lanes, while drifting dangerously close to other traffic on the
roadway and speeding at 83 mph in a 60 mph zone. Crum also observed the
following signs of intoxication in appellant: His eyes were bloodshot and glassy; he
had a strong breath odor of alcoholic beverage; his speech was “thick/fair”; he was
unsure and stumbled back when turning; he was unbalanced and swayed and
wobbled; and his walk was slow and deliberate. In addition, appellant admitted he
had been drinking. He refused an intoxilyzer test, but submitted to the HGN, walk-and-turn, and rhomberg sobriety tests, the results of which Officer Crum recorded in
his sworn report.
Analysis
          Appellant does not contest the contents of the stipulated evidence, but
challenges its legal sufficiency because “there is no opinion testimony as to
appellant’s intoxication and no interpretation of the results of the sobriety tests
administered by the officers.” 
 

A.      Standard of Review
          A challenge to the legal sufficiency of the evidence to support a criminal
conviction questions whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the
evidence, in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). By challenging the legal
sufficiency of the evidence, appellant contends there were no triable issues of fact. 
See Wesbrook, 29 S.W.3d at 111. The record evidence here consists of the contents
of State’s Exhibit One, described in detail above.
          To sustain a DWI conviction, the State must prove, beyond a reasonable doubt,
that the defendant was intoxicated while operating a motor vehicle in a public place. 
Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2003). Appellant challenges only
whether the State established the intoxication element.
B.      Sworn Opinion Testimony in Stipulated Police Report Legally Sufficient
          Appellant contends that Pine v. State, 872 S.W.2d 25 (Tex. App.—Houston
[14th Dist.] 1994, no pet.), mandates that we reverse his conviction and order entry
of a judgment of acquittal. Pine was an appeal from a felony DWI conviction, in
which our sister court concluded that a stipulation of evidence was legally insufficient
to support guilt. Id. at 26. The court reasoned that although the defendant signed the
stipulation, the portion pertinent to the State’s evidence recited only that the
defendant agreed that the State “could” offer evidence, by affidavits, written
statements of witnesses, or other documentary evidence. Id. (Emphasis in original.) 
The defendant did not stipulate to the truth of the State’s evidence. Id. Moreover,
although the stipulation tracked the language of the indictment, the defendant had
pled not guilty and “not true” to its allegations. Id. Because the State offered no
evidence to support its case except the stipulation, the Pine court ruled that by
stipulating that certain testimony could be offered, the defendant did not stipulate that
the testimony would be true if offered. Id., citing Bourland v. State, 502 S.W.2d 8, 9
(Tex. Crim. App. 1973). 
          In contrast, appellant here stipulated that both Officer Crum and Officer Mock
would testify “in accordance with” the documents they executed if they were to take
the stand and testify. In both Pine and Bourland, however, the State relied solely on
the defendants’ stipulations and did not offer any additional evidence. See Bourland,
502 S.W.2d at 9; Pine, 872 S.W.2d at 26. Here, the State not only offered the entire
police report, which included Officer Crum’s sworn report, into evidence as State’s
Exhibit One, but the record further reflects both that appellant did not oppose
admitting the exhibit into evidence and that the trial court relied on the exhibit in
finding appellant guilty. 
          In the sworn report contained in State’s Exhibit One, Officer Crum stated that
he had probable cause to believe and did believe that appellant was driving or in
actual physical control of a motor vehicle in a public place in this state while
intoxicated or under the influence of alcohol. In addition to stating the facts that
supported this belief, which included the results of appellant’s performance on the
several sobriety tests he submitted to, Officer Crum averred that the information in
his report was “true and correct.” Once introduced into evidence without opposition
by appellant, Officer Crum’s sworn statement of belief became his sworn opinion
testimony that appellant was intoxicated. Because Officer Crum’s sworn statement
relied in part on the results of the sobriety tests appellant performed, the officer’s
opinion reasonably implies that he interpreted appellant’s performance on the tests
as poor. 
          It is well-settled that an arresting officer’s opinion testimony is legally
sufficient to prove the intoxication element of an offense. See Annis v. State, 578
S.W.2d 406, 407 (Tex. Crim. App. 1979); Lewis v. State, 708 S.W.2d 561, 562 (Tex.
App.—Houston [1st Dist.] 1986, no pet.). Appellant agreed that Officer Crum would
testify in accordance with the contents of his report and this report included the
officer’s sworn, opinion testimony that appellant was intoxicated. We hold this
evidence was legally sufficient to support the intoxication element of appellant’s
DWI offense. 
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).