Affirmed and Memorandum Opinion filed March 21, 2006









Affirmed
and Memorandum Opinion filed March 21, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00380-CR

____________

 

WALTER
KEITH GROVES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 995,051

_____________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellant, Walter Keith Groves,
entered a no contest plea without a punishment recommendation to the felony
charge of aggravated assault on a family member.  Tex. Penal Code Ann. 22.02
(Vernon 2003).  The trial court accepted appellant=s no
contest plea but deferred a finding of guilt until after the presentence
investigation report (PSI) was completed. 
After reviewing the PSI and hearing testimony at the presentence
investigation hearing, the trial court found appellant guilty and assessed
punishment at ten years in prison. Appellant raises two issues on appeal: (1)
the trial court violated his United States and Texas constitutional rights by
sentencing him without a finding of guilt in open court; and (2) the trial court
violated his United States and Texas constitutional rights by sentencing him
when, as a matter of law, there was insufficient evidence upon which to make a
finding of guilt.  We affirm.

In his first issue on appeal,
appellant contends the trial court violated his United States and Texas
constitutional rights by sentencing him without making an express oral finding
of guilt.  We disagree.  The trial court admonished appellant on the
consequences of his plea, accepted appellant=s plea
and deferred a finding of guilt until the presentence investigation
hearing.  At the end of the presentence
investigation hearing the trial court assessed punishment at 10 years=
confinement in prison.  The written
judgment recites that appellant was found guilty on February 7, 2005, the date
of the presentence investigation hearing. While the trial court did not make an
oral pronouncement of guilt, the judgment reflects that appellant was found
guilty and sentenced.  A judgment is the
written declaration of the court signed by the trial judge and entered of
record showing the conviction or acquittal of the defendant.  Tex.
Code Crim. Proc. Ann. art. 42.01, '1 (Vernon
Supp. 2005). The absence of an express oral pronouncement of guilt by the trial
court does not render the written judgment void.  Parks v. State, 960 S.W.2d 234, 238 (Tex.
App.CHouston
[1st Dist.] 1997, pet. ref=d)
(citing Villela v. State, 564 S.W.2d 750, 751 (Tex. Crim. App.
1978)).  An oral pronouncement of guilt
is not necessary when the written judgment and the sentence reflected therein
comply with the Texas Code of Criminal Procedure and are supported by the
record.  See Tex. Code Crim. Proc. Ann. arts. 42.01
& 42.02 (Vernon Supp. 2005); Villela, 564 S.W.2d at 751;
Parks, 960 S.W.2d at 238.  We
overrule issue one.








In his second issue, appellant
contends the trial court violated his United States and Texas constitutional
rights by sentencing him when, as a matter of law, there was insufficient
evidence upon which to make a finding of guilt. 
The State responds that appellant=s waiver
of a court reporter at the plea hearing prevents this Court from having an
adequate record to review the sufficiency of the evidence.  The State argues that appellant waived his
right to challenge the sufficiency of the evidence supporting his conviction as
he failed to bring forward a full statement of facts including a transcription
of the plea proceedings.  We agree with
the State.








When appellant entered his no
contest plea on December 13, 2004, appellant expressly waived his right to have
a court reporter make a record of the plea proceedings. Consequently, there is
no court reporter=s record
from the plea hearing.  In order to
challenge the sufficiency of the evidence to support a judgment based on a plea
of guilty or no contest, a defendant must bring forward a full statement of
facts, including a transcription of the plea proceedings.  See Tex.
R. App. P. 34.6(c)(5); Williams
v. State, 950 S.W.2d 383, 385 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d.).  In the present case, appellant=s express
waiver of the right to have a court reporter record his plea deprives this Court
of a complete record from which to evaluate the sufficiency of the
evidence.  In the absence of a complete
record, we must presume there was sufficient evidence to sustain and support
the judgment.  See Williams, 950
S.W.2d at 385.  Without a statement of
facts from the plea hearing, we cannot determine whether the evidence included
in the transcript constitutes all of the evidence presented to the trial court.
 Campbell v. State, 942
S.W.2d 738, 740 (Tex. App.CHouston
[1st Dist.] 1997, aff=d in part
and rev=d in part on other grounds, 5
S.W.3d 693 (Tex. Crim. App. 1999).  It is
possible that at the plea hearing, appellant admitted committing the offense or
that other evidence of guilt was presented.  Id.  Without a complete statement of facts, an
appellate court cannot consider the facts of the case to determine whether or
not sufficient evidence exists to support the conviction.  Id. (citing Greenwood v. State, 823
S.W.2d 660, 661 (Tex. Crim. App. 1992) and Montoya v. State, 872 S.W.2d
24, 25 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d)).  Due to his failure to provide a statement of
facts from the plea hearing, appellant=s
challenge to the sufficiency of the evidence to support his conviction is
overruled.

In any event, even if appellant
had presented a complete record to this Court, appellant=s
stipulation in the record is sufficient to support his conviction.  A defendant charged with a felony offense may
not be convicted on his plea of guilty or no contest alone; rather, the State
must introduce sufficient evidence to support the plea.  See Tex.
Code Crim. Proc. Ann. art. 1.15 (Vernon 2005).  The evidence is considered sufficient under
Article 1.15 if it embraces every essential element of the offense charged and
establishes the defendant=s
guilt.  Breaux v. State, 16 S.W.3d
854, 857 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  Article 1.15 states:

The evidence may be
stipulated if the defendant . . . consents in writing, in open court, to waive
the appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the
introduction of testimony by affidavits, written statements of witnesses, and
any other documentary evidence in support of the judgment of the court.

 

Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon 2005).








In this case, appellant modified
the language in the AWaiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession@
following the recitation of the charge so that it read: AI
understand the above allegations and I stipulate that witnesses would
testify that the acts alleged above were committed on July 11, 2004.@ (Italics
represent interlineations made by appellant.) 
In addition, appellant executed the AStatements
and Waivers of Defendant,@ which
provide: AI have read the indictment and I
stipulate that if the State=s
witnesses were sworn in and testified, they would testify that I committed each
and every element alleged.@  These actions by appellant are nearly
identical to the changes effected by the defendant in Stone v. State,
919 S.W.2d 424, 425 n.2 (Tex. Crim. App. 1996). A defendant who pleads no
contest need not concede the veracity of the evidence to which he stipulates,
but if he does, the court will consider the stipulation to be a judicial
confession. See Stone v. State, 919 S.W.2d 424, 426 (Tex. Crim.
App. 1996).  The Court of Criminal
Appeals has routinely held a stipulation by a defendant that he does not
contest the fact that the witnesses would testify he committed the alleged
offense is sufficient to support the conviction in the context of Article 1.15.
 See id.

Appellant=s
reliance on Pine v. State, 872 S.W.2d 25 (Tex. App.CHouston
[14th Dist.] 1994, no pet.) is misplaced. 
In Pine, appellant pled not guilty and not true to the
allegations in the indictment, and stipulated only that the State could
introduce evidence to satisfy the State=s burden
under the DWI statute.  Id. at
26.  This Court observed that a
stipulation that certain testimony could be offered is not a stipulation that
such testimony would be true.  Id.  Accordingly, this Court held that the State
failed to offer any evidence of appellant=s guilt,
requiring a reversal of the conviction and entry of a judgment of acquittal.  Id. 
This Court=s opinion
in Pine does not address Article 1.15 in making its determination that
the stipulated evidence was insufficient to support the conviction.[1]








Here, in contrast, appellant
entered a plea of nolo contendere, which has the same legal effect as a plea of
guilty.  Stone, 919 S.W.2d at
426.  He also signed two documents: the
Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession; and Statements and Waivers of Defendant.  Appellant=s
statements in those two documents, set forth above, are consistent with
precedent from the Court of Criminal Appeals that a defendant pleading no
contest must only stipulate that he does not contest the fact that witnesses
would testify he committed the alleged offense.  Id. 
Appellant=s
stipulations here are sufficient to support a conviction in the context of
Article 1.15.  Id. (holding Court
of Criminal Appeals has routinely found stipulation as to what witnesses would
testify if present at trial is sufficient to support conviction in contest of
Article 1.15).  Because there was no such
stipulation in Pine, it is of no moment here.

In this case, the stipulated
testimony of the witnesses embraced every element of the offense charged and
was legally sufficient evidence to establish appellant=s
guilt.  Therefore, it was adequate to
support the trial court=s
judgment.

Accordingly, we affirm the
judgment of the trial court.

 

/s/        John S. Anderson

Justice

 

Judgment rendered and Memorandum Opinion filed March 21, 2006.

Panel consists of Justices Anderson, Edelman and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Other courts
of appeals have consistently followed Court of Criminal Appeals precedent and
ruled that a defendant pleading Ano
contest@ must only stipulate that he does not contest the fact
the witnesses would testify that he committed the alleged offense.  Stone v. State, 919 S.W.2d 424, 426 (Tex.
Crim. App. 1996).  It is settled that, as
a matter of Texas criminal law, the term stipulation, at least as used in Art.
1.15, includes agreements as to what particular evidence or testimony would be
presented in full in open court, without conceding the truthfulness of that
evidence or otherwise waiving the need for proof.  Robinson v. State, 739 S.W.2d 795,
800-801, n.5 (Tex. Crim. App. 1987).  In
order to be convicted under Art. 1.15, a defendant need not admit the truth of
the prosecution=s evidence. 
When a defendant does stipulate to the truth of the witness= testimony, such an admission constitutes a judicial
confession.  Stone, 919 S.W.2d at
426.