Michael BURRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46743.

Court of Criminal Appeals of Texas.

April 4, 1973.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On August 20, 1971, appellant pleaded guilty before the court to the offense of burglary. The punishment was assessed at five years, but the imposition of the sentence was suspended and appellant was granted probation.

Among the conditions of probation were the requirements that appellant:

"(d) Report to the probation officer, as directed, to-wit: monthly.

"(j) Pay a Probation fee of $10.00 per month to the Probation Officer of this Court on or before the 1st day of each month hereafter during probation."

The State filed a motion to revoke appellant's probation on December 29, 1971, alleging that appellant had violated conditions (d) and (j) of his probation in that he had not reported to his probation officer since receiving probation on August 20, 1971, and had never paid the monthly probation fee.

Probation Officer Pierce testified that appellant had not reported to his probation office since receiving probation and that appellant had never made a probation fee payment. Officer Pierce further testified that efforts had been made to get appellant to report by leaving word at the address given by appellant when he was placed on probation as well as notifying relatives of appellant. Appellant, testifying in his own behalf, stated that he earned $129.00 a week for two of the months he was on probation, and that he was able to pay the ten dollars ($10.00) per month probation fee.

Appellant's sole contention is that he was earlier confined in the Gatesville State School for Boys as the result of the commission of the burglary for which he received the five years probation, and that he has been twice placed in jeopardy for the same offense.

In Higdon v. State, Tex.Cr.App., 436 S.W.2d 541, it was stated:

"His second contention is that his July 21, 1965 conviction for Burglary, for which he was granted probation which is the subject of the instant revocation, was void because he was incarcerated in Gatesville previously for the same offense and that such constitutes former jeopardy. Insofar as the appeal from the order revoking probation is concerned, such attack upon appellant's conviction cannot now be made."

Many opinions of this Court reflect that it is well settled that the validity of the original conviction, from which no appeal is taken, cannot be raised on appeal from a revocation order. Taylor v. State, Tex. Cr.App., 482 S.W.2d 246; Johnson v. State, Tex.Cr.App., 478 S.W.2d 442; Wise v. State, Tex.Cr.App., 477 S.W.2d 578; McAlpine v. State, Tex.Cr.App., 462 S.W.2d 315; Hungerford v. State, Tex.Cr.App., 474 S.W.2d 242. Likewise, it follows that, in the instant case, appellant may not now

attack the validity of the original conviction upon his appeal from the order revoking probation.

There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion approved by the Court.