**Luther Eugene GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–045–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 10, 1981.

**810**

Russel Stanley, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

## OPINION

MORSE, Justice.

This is an appeal from a conviction for delivery of phencyclidine, a controlled substance. In a trial before the court, appellant was found guilty and punishment was assessed at four years confinement in the Texas Department of Corrections. We affirm.

On January 15, 1979, an undercover narcotics officer observed appellant in a crowded public restroom at the Summit, a public exhibition hall, during the performance of a rock concert group. The officer observed appellant making a transaction with another person and assumed said transaction to be the sale of a controlled substance. The narcotics officer and his partner then approached appellant and asked him if he had "anything to sell." Whereupon the appellant delivered a quantity of phencyclidine to the officer and the officer gave the appellant a marked $50 bill. Appellant retained a small quantity of the drug in a cigarette wrapper for his personal use. At the conclusion of the transaction, the officer and his partner left the restroom area to find a uniformed police officer to assist in making the arrest. A short time later, the undercover officer and a uniformed police officer returned to the restroom and arrested appellant. Neither the marked $50 bill nor any drugs were in appellant's possession at the time of the arrest.

Appellant comes before this court with two points of error. In his first point, appellant contends the trial court was without jurisdiction to try the case on a felony information because there was no valid waiver of indictment. Appellant admits that he signed a written waiver of indictment but contends that, without further admonition by the court setting out the specific advantages of proceeding through the grand jury system, said written waiver did not fulfill the requirements of a valid waiver.

In Texas, indictment may be waived in any noncapital felony case. It is stated in Tex.Code Crim.Pro.Ann. Art. 1.141 (Vernon 1977):

A person represented by legal counsel may in open court or by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information.

For a waiver of an indictment to be effective, it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel. *Lackey v. State*, 574 S.W.2d 97 (Tex.Cr.App.1978), *King v. State*, 473 S.W.2d 43 (Tex.Cr.App.1971). The waiver signed by appellant, specifically stated, "My attorney has explained to me my right to be prosecuted by grand jury indictment, which I hereby waive...." The waiver form also included a signed statement by the trial judge, specifically stating that the appellant was advised by the court of the right to be prosecuted by indictment and that appellant *"knowingly"* and *"voluntarily"* waived that right. This written form for waiver of indictment signed by appellant, indicates that the requirements of Art. 1.141 were met in full. It is not necessary that the waiver, on its face, specifically enumerate every possible advantage of going through the grand jury system. When such a statement is signed by the trial court approving such a waiver and there is no evidence in the record to the contrary, it is assumed that his counsel and/or the trial court sufficiently advised appellant of his right to a grand jury indictment as to enable him to make an informed waiver of said right and that, accordingly such waiver was *"intelligently"* given.

Therefore, appellant's first point of error is overruled.

Appellant's second point of error contends that the evidence was insufficient to

sustain a conviction for delivery of a controlled substance since the testimony of the State's witness indicated that appellant was entrapped into committing the offense. At the trial, appellant denied that he sold phencyclidine to the officer and testified, "I did not sell anybody nothing. I was using the restroom."

It is well settled in Texas that the defense of entrapment is not available to a defendant who denies that he committed the offense charged. *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979); *Stephens v. State*, 522 S.W.2d 924 (Tex.Cr.App.1975). However, even if appellant had not denied committing the offense, this is not a case of entrapment. If criminal design originates in the mind of an officer and he induces a person to commit a crime which that person would not otherwise have committed except for such inducement, entrapment exists and may constitute a defense. But where the criminal intent originates in the mind of the accused, the fact that the officer furnished the opportunity or aids the accused in commission of the crime affords no defense. *Lopez v. State*, 574 S.W.2d 563 (Tex.Cr.App. 1978); *Haywood v. State*, 482 S.W.2d 855 (Tex.Cr.App.1972). In this case, the undercover officer approached appellant and asked him if he "had anything to sell." The officer did not mention drugs but merely furnished the opportunity for appellant to commit the crime. Asking if anyone "had anything to sell" was held not entrapment in *Holdaway v. State*, 505 S.W.2d 262 (Tex. Cr.App.1974).

Appellant's second point of error is overruled and the judgment of the trial court is affirmed.