Frank GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–046–CR.

Court of Appeals of Texas,
Waco.

Dec. 13, 1984.

769

James W. Locke, Law Office of M. Charles Gandy, P.C., Bryan, for appellant.

Bill R. Turner, Dist. Atty., Bryan, for appellee.

HALL, Justice.

Appellant Frank Gonzales was adjudged guilty of the offense of possessing a shotgun with a barrel length of less than eighteen inches, proscribed as a felony of the second degree in V.T.C.A., Penal Code § 46.06(a) and (e), following appellant's waiver of jury trial and plea of guilty to an indictment charging the offense. Punishment was assessed by the court at confinement in the Texas Department of Corrections for a term of eight years.

In his single ground for reversal appellant assigns error to the trial court's pretrial order, after hearing, denying appellant's motion to set aside the indictment for failure of the State to provide a speedy trial. We overrule this contention, and we affirm the judgment.

Appellant was arrested for the offense in question on September 23, 1983, and placed in the Brazos County Jail. At that time appellant was on parole from the Texas Department of Corrections stemming from a prior felony conviction in March, 1981. On November 17, 1983, appellant and his attorney signed a waiver of indictment for the offense, which was filed with the clerk that day; and on the same day the State's attorney executed and filed with the clerk a felony information charging the offense. The felony information, like the indictment to which appellant later pleaded, set forth at its top that the charge was "possession of prohibited weapon," and alleged in its particulars that appellant did "intentionally and knowingly possess a prohibited weapon, to-wit: a short-barrel firearm, namely a shotgun with a barrel length of less than eighteen (18) inches." After identifying the case by style and number and the District Court of filing, the waiver of indictment signed by appellant and his attorney set forth the following above their signatures:

"Now comes Frank Gonzales, defendant herein, accused of the non-capital felony offense of Possession of a Prohibited Weapon, and represented by his attorney and having been advised by his attorney and by the Court of the nature of the charge against him and of his right not to be tried in this case except on the indictment of a Grand Jury, hereby in open court and in writing voluntarily and knowingly waives his right to be prosecuted by a Grand Jury indictment and announces his election and consent to be charged by information."

Following the signatures of appellant and his attorney on the waiver of indictment form, provision was made for an order signed by the trial court approving the waiver and approving prosecution by information, but this provision was left unexecuted.

The waiver of indictment and the felony information were executed and filed by the parties as a part of a plea bargain agreement. On November 23, 1983, the court notified the parties that the plea agreement would be accepted and that the case was set for trial on December 14, 1983. Meanwhile, however, appellant's parole was revoked, and he was transferred from jail to the Texas Department of Corrections by the Sheriff on December 2, 1983. This transfer was made without notice to or the knowledge of defense counsel or the prosecutor. After learning of this transfer, the prosecutor obtained a bench warrant on December 14, 1983, for appellant's return to Brazos County. Appellant was returned to the Brazos County Jail on January 6, 1984, and the case was reset for trial on January 10th. The State filed with the clerk a formal announcement of ready for trial on January 10th and again on January 20th. However, after appellant expressed his unwillingness to abide by the former plea agreement, the State sought and obtained an indictment from the grand jury on January 26th, charging the offense in question against appellant. This indictment contained a paragraph for enhancement of punishment.

Appellant filed a pro se motion to set aside the indictment, on the ground of denial of a speedy trial, on January 30, 1984; and another such motion, on the same ground, was filed by appellant's trial counsel on February 8th. These motions were heard by the court on February 9th. At this hearing, the prosecutor stated that the State was prepared and ready to go to trial on November 17, 1983, and that the State had been ready at all times since. Following the hearing, appellant's speedy trial motions were denied by the court.

■ Appellant's plea of guilty to the indictment resulting in the judgment of conviction now before us was heard by the court without a jury on February 13, 1984. At this hearing, the State waived the punishment enhancement paragraph in the indictment. In connection with his plea, appellant expressly reserved his right to appeal the court's rulings on his speedy trial motions, but this reservation is no longer necessary to provide review. · *Martin v.*

*State,* 652 S.W.2d 777, 779 (Tex.Cr.App. 1983).

▮▮▮ Appellant was entitled to have the indictment set aside under the Speedy Trial Act, and to be discharged from further prosecution for the offense charged in the indictment, if the State was not ready for trial within 120 days from the date of his arrest on September 23, 1983. Vernon's Ann.C.C.P. art. 32A.02, Sec. 1(1), Sec. 2(a), and art. 28.061. However, it is settled that a declaration by the State in response to the defendant's speedy trial motion that the State is then ready for trial and was ready at the time required by the Act is a prima facie showing of conformity to the Act, although this showing can be rebutted by evidence demonstrating that the State was not ready for trial during the Act's time limit. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Cr.App.1979). In our case, at the hearing on appellant's speedy trial motions, the State declared its readiness for trial at all times since November 17, 1983; and it filed formal announcements of readiness with the clerk on January 10, 1984, and again on January 20th. Excepting the period between December 2, 1983 (when appellant was transferred to the penitentiary) and January 10, 1984 (when the State was again ready for trial), these declarations, not rebutted by appellant, establish that the State was ready for trial within the time limitation required by the Act both before and after appellant's transfer to the penitentiary on his parole revocation and his return to the Brazos County jail on the bench warrant. *Canada v. State,* 660 S.W.2d 528, 529 (Tex.Cr.App.1983).

▮▮▮ The existence of a charging instrument is a part of the State's preparedness for trial, and evidence that the State did not have such an instrument within the time limitation required by the Act effectively rebuts the State's declaration of readiness. *Ward v. State,* 659 S.W.2d 643, 647 (Tex.Cr.App.1983). In our case, appellant's sole argument in support of his ground of error is that the felony information filed by the State on November 17, 1983, was wholly ineffective and void, and

thus that the State did not have a charging instrument until the indictment was returned after the time limitation required by the Act, because appellant's waiver of indictment was never approved by the trial court. Vernon's Ann.C.C.P. art. 1.141 provides as follows:

"A person represented by legal counsel may in open court *or* by written instrument voluntarily waive the right to be accused by indictment of any offense other than a capital felony. On waiver as provided in this article, the accused shall be charged by information." (Emphasis added).

In *King v. State,* 473 S.W.2d 43, 52 (Tex. Cr.App.1971) the Court of Criminal Appeals held that if an accused has not effectively waived his right to an indictment in full accordance with the statute the felony information is void, and that an indictment is still mandatory in absence of a valid waiver. The court held that for the waiver to be effective "it must be intelligently, voluntarily and knowingly given by the accused while represented by counsel." The court recognized the clear provision of the statute that such waiver can be made "in open court *or* by written instrument," although the court recommended, to avoid post-conviction problems, that it would be the better practice to have the written waiver executed in open court by the accused and his counsel after the accused has been advised of his rights by the court. Appellant has cited no authority and we have found none in support of the contention that a written waiver of indictment under art. 1.141 signed by the defendant and his counsel is not valid and cannot lend verity to the felony information based upon it unless the waiver is also signed by the court. Such written approval by the court is not required by the statute, and we hold it is not necessary. The written waiver before us states that appellant is represented by counsel, understands his rights, and waives prosecution by indictment. Appellant and his attorney signed the waiver. We hold it sufficient under the statute. Moreover, even if appellant had been placed on trial

on the felony information (which is valid on its face) without an effective waiver of indictment, and had the defect been discovered, a mistrial would have been granted, and time would again begin to run, for purposes of the Speedy Trial Act, on the date of the mistrial. Art. 32A.02, Sec. 2(b). If the felony information had been found to be defective within the time limit of the Act because of an invalid waiver of indictment and had been dismissed on motion of the State, then any delay between the dismissal and the refile of a valid charging instrument would have been subject to exclusion under the Act. Art. 32A.02, Sec. 4(7); *Ward v. State,* 659 S.W.2d 643, 647 (Tex. Cr.App.1983).

Appellant's ground of error is overruled. The judgment is affirmed.