**James Charles PORTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00225–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted April 21, 2003.

Decided May 28, 2003.

Mary Ann Rea, Longview, for appellant.

Andrea M. Thompson, Appellate Asst. Dist. Atty., William M. Jennings, Gregg County Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

James Charles Portley appeals from his conviction for attempted robbery. Portley waived his right to indictment by grand jury and pled guilty to attempted robbery as alleged in the information. The trial court found Portley guilty of attempted robbery and sentenced him to ten years' imprisonment. The only issue raised on appeal is the validity of Portley's waiver of indictment.[1]

On December 1, 2001, a man left the Wal–Mart store in Kilgore with clothing for which he had not paid. Wal–Mart employees pursued him unsuccessfully. As a result of a physical confrontation with Portley during that pursuit, a Wal–Mart employee was injured. Police later received an anonymous call reporting the thief to be Portley. A Wal–Mart employee identified Portley as the suspect, and Portley took the police to where he had left the stolen clothing. Portley was charged with robbery and at that time was subject to an enhanced sentence of between twenty-five to ninety-nine years or life. Later, the State dropped the robbery charge and filed an information for attempted robbery. Portley waived his right to an indictment in writing and, subsequently, waived indictment orally in open court. He then pled guilty to attempted robbery as alleged in the information. The trial court found Portley guilty of attempted robbery and reset the case for sentencing. At the sentencing hearing, Portley made an untimely motion that his plea be withdrawn. The trial court refused to grant the motion and sentenced him to ten years' imprisonment.

Portley contends on appeal the trial court misstated the difference between an information and an indictment, that Portley did not understand the difference, and that therefore he did not knowingly, voluntarily, and intelligently waive his constitu-

---

1. In discussing his point of error, Portley complains his plea of guilty was not voluntary but does not allege this as an issue on appeal. While the State responded to Portley's voluntariness complaint in the State's brief, this issue was not argued as a point of error allowing both sides to present full and developed arguments. Since this issue is not before us, we will not address it.

tional right to an indictment. The State makes three responses: (1) the trial court did not misstate the difference between an information and an indictment, (2) the written waiver was sufficient, and (3) the oral waiver was sufficient. We believe both waivers were valid.

■■■■ An individual in Texas has a constitutional right to be indicted by a grand jury if charged with a felony. TEX. CONST. art. I, § 10. A felony prosecution must be based on an indictment, unless indictment is waived. *State v. Chardin*, 14 S.W.3d 829, 831 (Tex.App.-Austin 2000, pet. ref'd). An indictment may be waived in writing or orally in open court in any noncapital felony case. TEX.CODE CRIM. PROC. ANN. art. 1.141 (Vernon 1977); *see King v. State*, 473 S.W.2d 43, 44 (Tex. Crim.App.1971); *see also Flowers v. State*, 696 S.W.2d 303, 304 (Tex.App.-Ft. Worth 1985, no pet.). For a waiver of indictment under Article 1.141 to be valid, it must be intelligently, voluntarily, and knowingly given by the accused while represented by counsel. *Garrett v. State*, 625 S.W.2d 809, 810 (Tex.App.-Houston[14th Dist.] 1981, no pet.); *see King*, 473 S.W.2d at 44. When the record reflects that a defendant waived his or her right to an indictment and such waiver fully complied with Article 1.141, it is not error to try the defendant on a felony information. *Ex parte Hunter*, 604 S.W.2d 188, 190 (Tex.Crim.App.1980).

The trial court admonished Portley regarding waiver of indictment by grand jury. Portley contends the explanation that an indictment is no different than an information is an incorrect statement of the law. The State argues, though, that the trial court's admonishment is a correct statement of the law.

■■■ While on a practical level there may not be much difference between an information and an indictment, there is a difference. An information is a written statement filed and presented by the prosecuting attorney that charges an individual with a crime. TEX.CODE CRIM. PROC. ANN. art. 21.20 (Vernon 1989). An information is subject to only the scrutiny of the prosecutor's office. An indictment may be issued by a grand jury only on a finding of probable cause to believe an individual has committed a crime. *See Janecka v. State*, 739 S.W.2d 813 (Tex.Crim.App.1987); *King*, 473 S.W.2d 43. The framers of both the United States and Texas Constitutions deemed a grand jury to be an important safeguard to ensure fair prosecutions. *Riney v. State*, 28 S.W.3d 561, 564 (Tex.Crim. App.2000). The grand jury allows the people of Texas, as represented by the grand jurors, to scrutinize felony prosecutions and act as a safeguard intended to prevent felony prosecutions without probable cause. The question before this Court is whether the trial court's statement misled Portley such that his oral waiver was not knowing, intelligent, and voluntary.

■■■ The trial court correctly explained that an indictment must be issued by a grand jury. It correctly explained that the grand jury has the option of not indicting. After it made the over-simplified statement that the only difference is who signs the bill, the trial court asked Portley if he wanted the matter submitted to a grand jury. Portley responded: "No, Sir." Portley obviously understood that a grand jury must issue an indictment; otherwise, he would have been confused when asked if he wanted the matter submitted to a grand jury. We believe the trial court's inaccurate statement did not prevent Portley from intelligently, knowingly, and voluntarily waiving his right to an indictment. No obligation exists which requires a trial court to explain all the advantages of grand jury proceedings. *Garrett*, 625 S.W.2d at 810.

Portley had already signed a valid written waiver of his right to indictment. While the trial court "glossed over" the differences between an indictment and an information, the record indicates Portley understood he had a right to be indicted by a grand jury. We believe there is sufficient evidence in the record to indicate Portley understood the waiver he was making and that his oral waiver was made intelligently, knowingly, and voluntarily.

Even if Portley's oral waiver had been ineffective, he nonetheless validly waived indictment. The record indicates Portley had already signed a written waiver before the plea hearing at which he orally waived indictment. As the State contends, a written waiver which is given intelligently, knowingly, and voluntarily while the defendant is represented by counsel adequately waives the constitutional right to a grand jury indictment. *Id.* At the time he signed the written waiver, Portley was represented by counsel. In the waiver, Portley acknowledges he is making the waiver voluntarily and knowingly. We have not been presented with any evidence to dispute he made the written waiver knowingly and voluntarily. A written waiver meeting the requirements of Article 1.141 can be sufficient to waive one's right to an indictment. *Gonzales v. State,* 684 S.W.2d 768, 771 (Tex.App.-Waco 1984, no pet.). We believe the written waiver in this case is sufficient to validly waive Portley's constitutional right to an indictment.

We conclude Portley effectively waived his right to an indictment both orally and in writing. Therefore, we affirm the judgment.

