11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Robert Allen
Hollon

Appellant

Vs.                   No.
11-02-00255-CR B Appeal from
Nolan County

State of Texas

Appellee

 

This is an appeal from a judgment revoking community
supervision.  The trial court convicted
appellant, upon his plea of guilty, of aggravated assault.  The trial court assessed punishment at
confinement for 8 years and a $500 fine. 
Pursuant to the plea bargain agreement, the imposition of the sentence
was suspended, and appellant was placed on community supervision for 5
years.  At the hearing on the State=s fist amended
motion to revoke, appellant entered a plea of true to the State=s allegations
that he violated the terms and conditions of his community supervision.   The trial court found the allegations to be
true, revoked appellant=s community supervision, and imposed the
original sentence of confinement for 8 years and a $500 fine.  We affirm.

Appellant=s court-appointed counsel has filed a
brief in which he states that, after a professional evaluation of the record,
he has concluded that the record does not support any grounds  that would sustain the appeal.  Following the procedures outlined in Anders
v. California, 386 U.S. 738 (1967), and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969), counsel presents two 
arguable issues and four Apossible@ issues. 









In his two arguable issues, counsel argues that the trial
court erred in revoking community supervision because there was evidence of
inability to pay and that the evidence at the revocation hearing was
insufficient to support the revocation. 
In three of the possible issues, counsel challenges the admission of a
photograph, the failure of the trial court to order a presentence investigation
report, and trial counsel=s failure to request a presentence
investigation report.  These three
issues deal with the trial on the merits and not the revocation of community
supervision.  The final possible issue
concerns the effectiveness of trial counsel at the revocation stage of the
proceedings.

In a community supervision revocation hearing, the State has
the burden of proving by a preponderance of the evidence that a condition of community
supervision has been violated.  Jenkins
v. State, 740 S.W.2d 435 (Tex.Cr.App.1983).  
The trial court is the trier of the facts and determines the weight and
credibility of the testimony.  Garrett
v. State, 619 S.W.2d 172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220
(Tex.Cr.App.1981).  Appellate review of
an order revoking community supervision is limited to the issue of whether the
trial court abused its discretion. 
Flournoy v. State, 589 S.W.2d 705 (Tex.Cr.App.1979).  

Appellant entered pleas of true to the allegations that he
violated the terms and conditions of his community supervision by testing
positive for amphetamine; by failing to report as ordered for 16 months; by
failing to pay his monthly fees as ordered for 26 months; and by failing to pay
court costs, attorney=s fees, and his fine as ordered for 26
months.  Proof of one violation of the
terms and conditions of community supervision is sufficient to support the
revocation.  McDonald v. State, 608
S.W.2d 192 (Tex.Cr.App.1980); Taylor v. State, 604 S.W.2d 175
(Tex.Cr.App.1980); Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979).  A plea of true alone is sufficient to
support the trial court=s determination to revoke.  Moses v. State, supra; Cole v. State, 578
S.W.2d 127 (Tex.Cr.App.1979).  Both
arguable issues are overruled.

The first three possible issues challenge  events which occurred at the trial on the
merits when appellant was found guilty and placed on community
supervision.  Collateral attacks on the
original conviction cannot be raised in the appeal from the subsequent
revocation of community supervision. 
Traylor v. State, 561 S.W.2d 492 (Tex.Cr.App.1978); Burrell v. State,
492 S.W.2d 482 (Tex.Cr.App.1973).  The
first three possible issues are overruled.

In the final possible issue, the general representation by
trial counsel at the revocation hearing is challenged as being
ineffective.  The record does not
support this contention.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  The fourth possible issue is overruled.








Counsel has furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  A pro se brief has not been
filed.  Counsel has complied with the
procedures outlined in Anders v. California, supra; Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

June
18, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.