6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00028-CV
______________________________



IN RE: EARNEST CARL WILSON





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

            Earnest Carl Wilson has filed a petition for writ of mandamus (hereinafter petition) that, in
essence, asks us to direct the 71st Judicial District Court of Harrison County to set a hearing on his
petition for expunction of records. Based on the record and pleadings before us, and without hearing
oral argument, we deny the petition for writ of mandamus.
            According to the petition, Wilson filed a petition for expunction of records with the 71st
Judicial District Court of Harrison County, Texas, May 27, 2003. The trial court signed an order
October 15, 2003, stating the hearing would be set after all parties had been served. Since then,
Wilson has requested a setting.
            Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory provision conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985) (orig. proceeding). 
            In the case now before us, Wilson asks us to compel the trial court to schedule a hearing on
his expunction petition. The trial court has informed us that a hearing on Wilson's petition is
scheduled for February 28, 2005, at 2:00 p.m. Based on this information, the objective sought by
Wilson through a petition for writ of mandamus has been achieved. We deny Wilson's petition as
moot.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          February 3, 2005
Date Decided:             February 4, 2005



 and voluntarily. A written waiver meeting the requirements of Article
1.141 can be sufficient to waive one's right to an indictment. Gonzales v. State, 684 S.W.2d 768,
771 (Tex. App.-Waco 1984, no pet.). We believe the written waiver in this case is sufficient to
validly waive Portley's constitutional right to an indictment.

 We conclude Portley effectively waived his right to an indictment both orally and in writing. 
Therefore, we affirm the judgment. 

 Josh R. Morriss, III

 Chief Justice


Date Submitted: April 21, 2003

Date Decided: May 28, 2003


Publish
1. In discussing his point of error, Portley complains his plea of guilty was not voluntary but
does not allege this as an issue on appeal. While the State responded to Portley's voluntariness
complaint in the State's brief, this issue was not argued as a point of error allowing both sides to
present full and developed arguments. Since this issue is not before us, we will not address it.