In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-459 CR


____________________



WILLIAM CRAIG PRUITT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94955






MEMORANDUM OPINION


 After signing a waiver of indictment, appellant William Craig Pruitt was charged by
information with injury to a child, and he pled guilty pursuant to a plea bargain. The trial
court found the evidence sufficient to find Pruitt guilty of injury to a child, found Pruitt
guilty, and assessed punishment at ten years of confinement and a $1,000 fine. However, the
trial court suspended the imposition of the sentence and placed Pruitt on community
supervision for ten years. The State subsequently filed a motion to revoke Pruitt's
community supervision, and Pruitt pled "true" to four violations of the conditions of his
community supervision. The trial court revoked Pruitt's community supervision and assessed
punishment at ten years of confinement. Pruitt then filed this appeal, in which he raises three
issues for our review. We affirm.

 In his first issue, Pruitt argues the trial court lacked authority to proceed in the absence
of an indictment. In issue two, Pruitt asserts the trial court failed to admonish him
concerning "his purported waiver of indictment." In issue three, Pruitt contends the trial
court "erred in accepting the plea of guilty in the absence of a valid waiver of indictment in
accordance with applicable statutes." We address these issues together.

 Pruitt complains that the waiver of indictment he executed was invalid because the
jurat at the bottom of the form was unexecuted, the trial court did not advise him at the plea
hearing of his right to proceed under an indictment, and the trial court did not sign the
waiver. (1) A judgment placing a defendant on community supervision generally cannot be
attacked in an appeal of the revocation proceeding. Burrell v. State, 492 S.W.2d 482, 483-84
(Tex. Crim. App. 1973). However, "[i]f an accused has not effectively waived his right to
an indictment in full accordance with the statute the felony information is void[,]" and the
judgment is void and may be attacked at any time. King v. State, 473 S.W.2d 43, 52 (Tex.
Crim. App. 1971); see also Teal v. State, No. PD-0689-06, 2007 WL 676221, at *2 n.17
(Tex. Crim. App. Mar. 7, 2007). 

 A person charged with a felony has a constitutional right to be indicted by a grand
jury. See Tex. Const. art. I, § 10; Teal, 2007 WL 676221, at *2. However, "[a] person
represented by legal counsel may in open court or by written instrument voluntarily waive
the right to be accused by indictment of any offense other than a capital felony. On waiver
as provided in this article, the accused shall be charged by information." Tex. Code Crim.
Proc. Ann. art. 1.141 (Vernon 2005). A waiver of indictment must be made intelligently,
voluntarily, and knowingly by the accused while represented by counsel. Lackey v. State,
574 S.W.2d 97, 100 (Tex. Crim. App. 1978); King, 473 S.W.2d at 52. If the record reflects
that an accused properly waived his right to an indictment, an accused may be tried on an
information. Ex parte Hunter, 604 S.W.2d 188, 190 (Tex. Crim. App. 1980).

 The waiver Pruitt signed states as follows, in pertinent part:

 That the defendant, duly represented by legal counsel, appeared in open
Court, in the above cause, prior to arraignment herein, and was then and there
duly advised by the Court of defendant's right and privilege, to request this
case be presented by indictment, returned by Grand Jury; or in the alternative,
to elect that charges herein, be presented by Information, as provided by law,
and duly explained by the Court. The accused further alleges and admits the
receipt of the foregoing advice and explanation, that same were then and there
fully explained, and clearly understood.


Although the reporter's record of the plea hearing does not reflect that the trial court
admonished Pruitt of his right to proceed under an indictment, the waiver states that the trial
court advised Pruitt of this right in open court at some point prior to arraignment. Both Pruitt
and his trial counsel signed the waiver. Although the trial court did not specifically advise
Pruitt at the plea hearing of his right to proceed under an indictment, the trial court did ask
Pruitt whether he signed the waiver, and Pruitt responded affirmatively. The trial court also
asked Pruitt whether his attorney adequately explained the waiver to his "full and complete
satisfaction" before Pruitt signed it, and Pruitt responded, "Yes, sir."

 Article 1.141 expressly permits written waivers, and it does not require that the trial
court advise an accused of his right to proceed under an indictment, nor does it require that
a written waiver of indictment be signed by the trial court or sworn. See Tex. Code Crim.
Proc. Ann. art. 1.141. Pruitt cites Garrett v. State, 625 S.W.2d 809, 810 (Tex. App.--Houston [14th Dist.] 1981, no pet.), in support of his contention that a valid waiver must be
signed by the trial judge. However, Garrett did not hold that a waiver must be signed by the
trial judge to be valid. Id. Rather, after reciting the well-settled principle that an effective
waiver of indictment must be intelligently, voluntarily, and knowingly given by the accused
while represented by counsel, the Garrett court simply recited that the waiver form at issue
contained the trial judge's statement that he had advised the appellant of his right to be
prosecuted by indictment. Id. A waiver of indictment need not be signed by the trial court
to be valid. Gonzales v. State, 684 S.W.2d 768, 771 (Tex. App.--Waco 1984, no pet.) (Trial
court need not sign a waiver of indictment for it to be valid.). Pruitt also cites Ellard v. State,
650 S.W.2d 840 (Tex. Crim. App. 1983), and Messer v. State, 729 S.W.2d 694 (Tex. Crim.
App. 1986). However, both Ellard and Messer involved a waiver by the accused of the right
to jury trial under article 1.15 (which requires that a waiver of the right to jury trial be
approved by the court in writing and filed in the papers of the cause), not a waiver of
indictment under article 1.141 (which contains no such requirements). See Ellard, 650
S.W.2d at 841; Messer, 729 S.W.2d at 695; Tex. Code Crim. Proc. Ann. arts. 1.13, 1.141,
1.15 (Vernon 2005). Therefore, Ellard and Messer are inapposite.

 We presume the regularity of proceedings in the trial court. See Ex parte Guzman,
589 S.W.2d 461, 464 (Tex. Crim. App. 1979). The record reflects that Pruitt and his counsel
both signed a waiver that fully explained Pruitt's right to proceed under an indictment, and
that the trial court questioned Pruitt and ascertained that Pruitt had signed the document after
counsel had fully explained it to him. The fact that the trial court did not sign the waiver or
advise Pruitt at the plea hearing of his right to proceed under an indictment does not render
the waiver void. See Tex. Code Crim. Proc. Ann. art. 1.141; Gonzales, 684 S.W.2d at 771
(holding that a waiver of indictment need not be signed by the trial court to be valid); Lackey,
574 S.W.2d at 100 (requiring only that a waiver of indictment be made intelligently,
voluntarily, and knowingly while represented by counsel). Accordingly, we overrule Pruitt's
issues and affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice


Submitted on May 3, 2007

Opinion Delivered June 6, 2007

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ. 


1. Pruitt's brief also "points out" that the information states it is based upon information
provided by a "creditable" person rather than a "credible" person. However, Pruitt's brief
does not contain an issue asserting that this alleged error makes the information invalid, nor
does he cite any authorities regarding the significance, if any, of this alleged defect in the
information. See Tex. R. App. P. 38.1(h). Pruitt's brief also cites no authorities supporting
his contention that the waiver must be sworn. See id.