NO.
07-08-0456-CR

 

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                           FEBRUARY 10, 2009

 

                                            ______________________________

 

 

                                          STEVEN MARK EMMERT, APPELLANT

 

                                                                            V.

 

                                             THE STATE OF TEXAS, APPELLEE

 

                                         _________________________________

 

                      FROM THE 242ND
DISTRICT COURT OF SWISHER COUNTY;

 

                                NO.
B-3637-0108; HONORABLE ED SELF, JUDGE

 

                                           _______________________________

 

 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

                                                      MEMORANDUM
OPINION

 

 








On August 7, 2002, Appellant, Steven Mark Emmert, pled
guilty to the offense of indecency with a child by exposure.[1]
Pursuant to a plea agreement, Appellant was sentenced to ten years confinement,
with the period of confinement suspended in favor of ten years community
supervision.  He was also assessed a fine
and ordered to pay court-appointed attorney's fees and costs of court.  No appeal was taken from that proceeding.  On October 22, 2008, the trial court revoked
Appellant's community supervision and imposed the original sentence.  By two issues[2]
Appellant contends: (1) the State offered no evidence of his guilt in the
original plea proceeding in contravention of article 1.15 of the Texas Code of
Criminal Procedure;[3]
and (2) the trial court failed to conduct a sufficient inquiry into his
finances in the original plea proceeding prior to assessing court-appointed
attorney’s fees.  For the reasons that
follow, we affirm.

Procedural Posture

Appellant was originally indicted for the offense of
indecency with a child by contact.[4]  Prior to the entry of Appellant=s plea, the State moved to amend the indictment to
allege the offense of indecency with a child by exposure.[5]   During that hearing the following exchange
occurred, in pertinent part, as follows:

COURT:  Mr. Emmert, you=re
originally charged by indictment in this case with the offense of indecency
with a child by contact.  You=ve heard the State announce that they=re electing to proceed under a lesser offense of
indecency with a child by exposure.  Do
you understand the charge against you, sir?

 

DEFENDANT  Yes, sir.

 

                                                                   *     *    
*

 

COURT:  What is your plea to the charge made against
you, then, guilty or not guilty?

 

DEFENDANT:  Guilty.

 

                                                                   *     *    
*

 








COURT:  Are you pleading guilty, then, to the lesser
offense, because you are guilty of that offense, and for no other reason?

 

DEFENDANT:  Yes, sir.

 

                                                                   *     *    
*

 

COURT:
Now, is there a plea bargain?

 

STATE: State
would respectfully recommend 10 years probated for a period of 10 years, $2,000
fine, all the sexual terms . . . court costs, and attorney fees.  That=s my understanding of the plea bargain.

 

COURT: Counsel,
is that your understanding?

 

DEFENSE: Yes,
your honor.

 

COURT: And, Mr.
Emmert, was that your understanding of the plea
bargain? 

 

DEFENDANT: Yes,
sir.

 

COURT: Let me
just repeat that to make sure that I have it down right.  You would be sentenced to 10 years
confinement in the Institutional Division, that confinement would be suspended
and you would be placed on probation for a period of 10 years; you would pay a
$2,000 fine; you would be required to register as a sex offender; you would
spend 120 days in the county jail, and pay the court costs and the
court-appointed attorney=s fees.

 

 

                                                                   *     *    
*

 

COURT: Did you
also understand that if I accept this plea bargain agreement and I set your
punishment at anything equal to or less than the plea bargain, you could not
appeal your case to any higher court except with my permission?

 

DEFENDANT: Yes,
sir.

 

                                                                   *     *    
*

 

COURT: Now,
understanding all of those rights, Mr. Emmert, do you still wish to enter your
plea of guilty to the lesser offense?

 








DEFENDANT: Yes,
sir.       

 

 

Following these admonishments Appellant was tendered
as a witness, sworn, and questioned by the State.  Although the State, through Appellant,
offered into evidence a Stipulation of Evidence wherein he confessed to
the offense of indecency by contact, at no time did the State question
Appellant as to the element of exposure. 
At the conclusion of that hearing, the trial court pronounced Appellant
guilty of indecency by exposure, assessed sentence at ten years confinement and
a fine of $2,000, and then suspended the imposition of sentence in favor of ten
years community supervision.  That same
day, the trial court entered its Judgment of Conviction reflecting the
imposition of sentence and the assessment of attorney’s fees of $250 and court
costs of $322.25.  No appeal was taken
from that judgment.

In October 2008, the State filed an amended motion
to revoke Appellant=s community supervision alleging, among other
things, Appellant=s failure to report on multiple occasions from June
2005 through September 2008, failure to make court-ordered payments from August
2004 through October 2008, and failure to pay community supervision fees from
June 2005 through October 2008.  At the
revocation hearing, following a plea of Anot true,@ Appellant admitted he failed to report and stay
current on required payments.  








At the conclusion of the revocation hearing, the
trial court revoked Appellant=s community supervision and imposed the original
sentence.  The trial court explained that
Appellant had Aa right to appeal the revocation only,@ and, A[s]ince the plea of guilty was pursuant to a plea
bargain, there [was] no right to appeal that portion of th[e]
case.@ In the trial court=s
certification of Appellant=s right of appeal, the trial court certified Athis criminal case: is a plea-bargain case, and the
defendant has NO right to appeal, except the revocation.@  (Emphasis
supplied).  Thereafter, Appellant filed a
general notice appealing from the trial court=s Arevocation of his community supervision.@       

I.          Issue
One - ANo Evidence@
Claim - Article 1.15

Appellant's first issue does not attack the
propriety of the trial court's order revoking community supervision.  Instead, for the first time, Appellant seeks
to collaterally attack the original Judgment of Conviction based upon a "no evidence"
allegation pursuant to article 1.15. 


It is a well established rule of appellate procedure
that the validity of an original conviction, from which no appeal is taken,
cannot be raised on appeal from an order revoking community supervision.  Burrell v. State, 492 S.W.2d 482, 483
(Tex.Crim.App. 1973) (collected cases cited therein).  The Texas Court of Criminal Appeals has
recognized two limited exceptions to this general rule: (1) the "habeas
corpus" exception and (2) the "void judgment" exception.  Nix v.
State, 65 S.W.3d 664, 667 (Tex.Crim.App. 2001).  

Appellant attempts to invoke the void judgment
exception.  The void judgment exception
recognizes that there are some rare situations in which the trial court's
judgment is accorded no respect due to a complete lack of power to render the
judgment in question.  This exception has
been interpreted to include situations where the record reflects that there is "no
evidence" to support the conviction.  Ex Parte Moffett, 542 S.W.2d 184
(Tex.Crim.App. 1976).  However, for a
judgment to be void due to a lack of evidence, the record must show a due
process violation arising from a complete absence of evidence to support the
conviction, not merely insufficient evidence. 
See Thompson v. City of Louisville,
362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); Nix, 65 S.W.3d at 688, n.14; Wolfe
v. State, 560 S.W.2d 686, 688 (Tex.Crim.App. 1978).  From a sufficiency of the evidence point of
view, a guilty plea constitutes some evidence of guilt for purposes of due
process.  Ex Parte Williams, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986).

Here, Appellant contends the only evidence offered
in support of his plea of guilty, to-wit: the Stipulation of Evidence, is insufficient because the stipulation
tracked the language of the original indictment charging him with indecency
with a child by contact, as opposed to the offense of indecency with a child by
exposure.  However, the record reflects Appellant
entered a plea of guilty to the offense of indecency with a child by exposure.  Although Appellant's plea of guilty alone
would not satisfy the requirements of article 1.15, see Menefee v. State, 287 S.W.3d 9
(Tex.Crim.App. 2009), it was sufficient for purposes of due process.  Therefore, Appellant's original judgment is
not subject to collateral attack as a void judgment.  Finding that Appellant's claim does not come
within the limited "void judgment" exception to the general rule, we
overrule his first issue.

II.         Issue
One - Alternative Harm Analysis

Even if the trial court erred in failing to receive
evidence sufficient to substantiate Appellant's plea under article 1.15, such
error would be subject to harmless error analysis under Rule 44.2(b) of the
Texas Rules of Appellate Procedure.[6]  Menefee
v. State, 287 S.W.3d at 18.  Rule 44.2(b)
provides that non-constitutional error Athat does not affect substantial rights must be
disregarded.@  Substantial
rights are not affected by the trial error if the appellate court, after
examining the record as a whole, has a Afair assurance that the error did not influence the
[verdict of the fact finder], or had but a slight effect.@  Motilla
v. State, 78 S.W.3d 352, 355 (Tex.Crim.App. 2002); Solomon v. State, 49
S.W.3d 356, 365 (Tex.Crim.App. 2001); Johnson v. State, 967 S.W.2d 410,
417 (Tex.Crim.App. 1998).  In determining
whether or not the error influenced the verdict, or had but a slight effect, an
appellate court should consider everything in the record, including any
testimony or physical evidence admitted for the fact finder=s consideration, together with the nature and
character of the error and how that error might have contributed to the
verdict.  Morales v. State, 32
S.W.3d 862, 867 (Tex.Crim.App. 2000).  In
addition to the record as a whole, factors a reviewing court should consider
include the prosecution and defense theories and the closing arguments,
including whether or not the prosecution emphasized the error in its
argument.  Motilla, 78 S.W.3d at 355. 
Ultimately, the question is whether a reasonable probability exists that
the error moved the fact finder from a state of non-persuasion to one of
persuasion.  








Here, Appellant was charged with, and confessed
to the second degree felony offense of indecency with a child by
contact.  By virtue of a plea bargain agreement,
he pled guilty to the third degree felony offense of indecency with
a child by exposure.  After accepting the
benefits of the plea bargain for more than six years before the amended motion
to revoke community supervision was filed, Appellant is not suggesting that he
is innocent of the offense of indecency with a child by exposure or that he was
somehow tricked into pleading guilty to an offense that never occurred.  Furthermore, no one is suggesting that independent
evidence of his guilt does not exist or that the problem here is anything other
than carelessness on the part of the attorneys involved.  But for the failure of counsel and the court
to carefully read the plea papers, specifically the Stipulation of Evidence,
Appellant would not have before this Court the argument he now contends
should result in an acquittal.  In light
of the procedural posture of this case, it is hard to imagine how the lack of
substantiating evidence moved the trial court from a state of non-persuasion to
one of persuasion.  Furthermore, if this
Court were to grant Appellant the relief he requests, he would still face
prosecution for the more serious offense of indecency with a child by
contact.  From the totality of the
record, it strains credulity to somehow find that Appellant was harmed by this
error.  Therefore, even if we addressed
Appellant's first issue, any error would be harmless.

III.        Issue
Two – Attorney’s Fees

By his second issue, Appellant contends that because
the record does not contain sufficient evidence to demonstrate his financial
ability to offset the cost of court-provided legal services, the trial court
erred in ordering the reimbursement of attorney’s fees.  See Mayer v. State, 274 S.W.3d 898
(Tex.App.BAmarillo 2008, pet. granted).  Because this issue does not come within the
exception to the general rule that the validity of the original conviction
cannot be raised on appeal from an order revoking community supervision, Burrell, 492 S.W.2d at 482, we need not address that issue.

That said, a plea agreement
is generally held to constitute a contractual arrangement between the State and
the defendant.  State v. Moore,
240 S.W.3d 248, 251 (Tex.Crim.App. 2007). 
Moreover, A[w]hen a defendant agrees to the terms of a plea
bargain agreement he is deemed to have entered into the agreement knowingly and
voluntarily unless he shows otherwise.@  Moore, 240
S.W.3d at 251 (quoting Ex parte Williams, 637 S.W.2d at 947).  In the absence of any evidence establishing
Appellant did not knowingly and voluntarily agree to pay $250 in
court-appointed fees incurred in the original proceeding, the trial court
committed no error by accepting the plea agreement as some evidence of
Appellant=s willingness and ability to pay.  Appellant=s
second issue is overruled. 








Conclusion

The trial
court’s judgment is affirmed.  

 

Patrick A. Pirtle

    Justice 


 

Do not publish.













[1]Tex. Penal Code Ann. ' 21.11(a)(2)(A)
(Vernon 2003).





[2]Appellant originally raised a third
issue; however, due to an opinion issued by the Court of Criminal Appeals
subsequent to original briefing, he filed a Reply Brief wherein he
candidly withdrew that issue.  





[3]Tex. Code Crim. Proc. Ann., art.
1.15 (Vernon 2005).  Unless otherwise
indicated, this and all future references to articles refer to the Texas Code
of Criminal Procedure.





[4]Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).





[5]At the commencement of the hearing,
the prosecuting attorney moved to amend the indictment to allege the offense of
indecency with a child by exposure. 
Without specifically granting the motion, the trial court proceeded to
receive Appellant=s plea of guilty to the Alesser offense of indecency with a
child by exposure.@





[6]Tex. R. App. P.
44.2(b).