NO. 07-08-0456-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 10, 2009

_____

STEVEN MARK EMMERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B-3637-0108; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

On August 7, 2002, Appellant, Steven Mark Emmert, pled guilty to the offense of indecency with a child by exposure.[1] Pursuant to a plea agreement, Appellant was sentenced to ten years confinement, with the period of confinement suspended in favor of

---

[1]Tex. Penal Code Ann. § 21.11(a)(2)(A) (Vernon 2003).

ten years community supervision. He was also assessed a fine and ordered to pay court-appointed attorney's fees and costs of court. No appeal was taken from that proceeding. On October 22, 2008, the trial court revoked Appellant's community supervision and imposed the original sentence. By two issues[2] Appellant contends: (1) the State offered no evidence of his guilt in the original plea proceeding in contravention of article 1.15 of the Texas Code of Criminal Procedure;[3] and (2) the trial court failed to conduct a sufficient inquiry into his finances in the original plea proceeding prior to assessing court-appointed attorney's fees. For the reasons that follow, we affirm.

## Procedural Posture

Appellant was originally indicted for the offense of indecency with a child by *contact*.[4] Prior to the entry of Appellant's plea, the State moved to amend the indictment to allege the offense of indecency with a child by *exposure*.[5] During that hearing the following exchange occurred, in pertinent part, as follows:

> COURT: Mr. Emmert, you're originally charged by indictment in this case with the offense of indecency with a child by contact. You've heard the State announce that they're electing to proceed under a lesser offense of

---

[2]Appellant originally raised a third issue; however, due to an opinion issued by the Court of Criminal Appeals subsequent to original briefing, he filed a *Reply Brief* wherein he candidly withdrew that issue.

[3]Tex. Code Crim. Proc. Ann., art. 1.15 (Vernon 2005). Unless otherwise indicated, this and all future references to articles refer to the Texas Code of Criminal Procedure.

[4]Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2003).

[5]At the commencement of the hearing, the prosecuting attorney moved to amend the indictment to allege the offense of indecency with a child by exposure. Without specifically granting the motion, the trial court proceeded to receive Appellant's plea of guilty to the "lesser offense of indecency with a child by exposure."

indecency with a child by exposure. Do you understand the charge against you, sir?

DEFENDANT   Yes, sir.

*   *   *

COURT:   What is your plea to the charge made against you, then, guilty or not guilty?

DEFENDANT:   Guilty.

*   *   *

COURT:   Are you pleading guilty, then, to the lesser offense, because you are guilty of that offense, and for no other reason?

DEFENDANT:   Yes, sir.

*   *   *

COURT: Now, is there a plea bargain?

STATE: State would respectfully recommend 10 years probated for a period of 10 years, $2,000 fine, all the sexual terms . . . court costs, and attorney fees. That's my understanding of the plea bargain.

COURT: Counsel, is that your understanding?

DEFENSE: Yes, your honor.

COURT: And, Mr. Emmert, was that your understanding of the plea bargain?

DEFENDANT: Yes, sir.

COURT: Let me just repeat that to make sure that I have it down right. You would be sentenced to 10 years confinement in the Institutional Division, that confinement would be suspended and you would be placed on probation for a period of 10 years; you would pay a $2,000 fine; you would be required to register as a sex offender; you would spend 120 days in the county jail, and pay the court costs and the court-appointed attorney's fees.

3

       *  *  *

COURT: Did you also understand that if I accept this plea bargain agreement and I set your punishment at anything equal to or less than the plea bargain, you could not appeal your case to any higher court except with my permission?

DEFENDANT: Yes, sir.

       *  *  *

COURT: Now, understanding all of those rights, Mr. Emmert, do you still wish to enter your plea of guilty to the lesser offense?

DEFENDANT: Yes, sir.

Following these admonishments Appellant was tendered as a witness, sworn, and questioned by the State. Although the State, through Appellant, offered into evidence a *Stipulation of Evidence* wherein he confessed to the offense of indecency by contact, at no time did the State question Appellant as to the element of exposure. At the conclusion of that hearing, the trial court pronounced Appellant guilty of indecency by exposure, assessed sentence at ten years confinement and a fine of $2,000, and then suspended the imposition of sentence in favor of ten years community supervision. That same day, the trial court entered its *Judgment of Conviction* reflecting the imposition of sentence and the assessment of attorney's fees of $250 and court costs of $322.25. No appeal was taken from that judgment.

In October 2008, the State filed an amended motion to revoke Appellant's community supervision alleging, among other things, Appellant's failure to report on

4

multiple occasions from June 2005 through September 2008, failure to make court-ordered payments from August 2004 through October 2008, and failure to pay community supervision fees from June 2005 through October 2008. At the revocation hearing, following a plea of "not true," Appellant admitted he failed to report and stay current on required payments.

At the conclusion of the revocation hearing, the trial court revoked Appellant's community supervision and imposed the original sentence. The trial court explained that Appellant had "a right to appeal the revocation only," and, "[s]ince the plea of guilty was pursuant to a plea bargain, there [was] no right to appeal that portion of th[e] case." In the trial court's certification of Appellant's right of appeal, the trial court certified "this criminal case: is a plea-bargain case, and the defendant has NO right to appeal, except the revocation." (Emphasis supplied). Thereafter, Appellant filed a general notice appealing from the trial court's "revocation of his community supervision."

## I.    Issue One - "No Evidence" Claim - Article 1.15

Appellant's first issue does not attack the propriety of the trial court's order revoking community supervision. Instead, for the first time, Appellant seeks to collaterally attack the original *Judgment of Conviction* based upon a "no evidence" allegation pursuant to article 1.15.

It is a well established rule of appellate procedure that the validity of an original conviction, from which no appeal is taken, cannot be raised on appeal from an order revoking community supervision. *Burrell v. State,* 492 S.W.2d 482, 483 (Tex.Crim.App. 1973) (collected cases cited therein). The Texas Court of Criminal Appeals has recognized two limited exceptions to this general rule: (1) the "habeas corpus" exception and (2) the "void judgment" exception. *Nix v. State,* 65 S.W.3d 664, 667 (Tex.Crim.App. 2001).

Appellant attempts to invoke the void judgment exception. The void judgment exception recognizes that there are some rare situations in which the trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. This exception has been interpreted to include situations where the record reflects that there is "no evidence" to support the conviction. *Ex Parte Moffett,* 542 S.W.2d 184 (Tex.Crim.App. 1976). However, for a judgment to be void due to a lack of evidence, the record must show a due process violation arising from a complete absence of evidence to support the conviction, not merely insufficient evidence. *See Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *Nix,* 65 S.W.3d at 688, n.14; *Wolfe v. State,* 560 S.W.2d 686, 688 (Tex.Crim.App. 1978). From a sufficiency of the evidence point of view, a guilty plea constitutes some evidence of guilt for purposes of due process. *Ex Parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App. 1986).

Here, Appellant contends the only evidence offered in support of his plea of guilty, to-wit: the *Stipulation of Evidence,* is insufficient because the stipulation tracked the language of the original indictment charging him with indecency with a child by contact, as opposed to the offense of indecency with a child by exposure. However, the record reflects Appellant entered a plea of guilty to the offense of indecency with a child by exposure. Although Appellant's plea of guilty alone would not satisfy the requirements of article 1.15, *see Menefee v. State,* 287 S.W.3d 9 (Tex.Crim.App. 2009), it was sufficient for purposes of due process. Therefore, Appellant's original judgment is not subject to collateral attack as a void judgment. Finding that Appellant's claim does not come within the limited "void judgment" exception to the general rule, we overrule his first issue.

## II.    Issue One - Alternative Harm Analysis

Even if the trial court erred in failing to receive evidence sufficient to substantiate Appellant's plea under article 1.15, such error would be subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure.[6]  *Menefee v. State,* 287 S.W.3d at 18.  Rule 44.2(b) provides that non-constitutional error "that does not affect substantial rights must be disregarded."  Substantial rights are not affected by the trial error if the appellate court, after examining the record as a whole, has a "fair assurance that the error did not influence the [verdict of the fact finder], or had but a slight effect." *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App. 2002); *Solomon v. State,* 49 S.W.3d

---

[6]Tex. R. App. P. 44.2(b).

356, 365 (Tex.Crim.App. 2001); *Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998). In determining whether or not the error influenced the verdict, or had but a slight effect, an appellate court should consider everything in the record, including any testimony or physical evidence admitted for the fact finder's consideration, together with the nature and character of the error and how that error might have contributed to the verdict. *Morales v. State,* 32 S.W.3d 862, 867 (Tex.Crim.App. 2000). In addition to the record as a whole, factors a reviewing court should consider include the prosecution and defense theories and the closing arguments, including whether or not the prosecution emphasized the error in its argument. *Motilla,* 78 S.W.3d at 355. Ultimately, the question is whether a reasonable probability exists that the error moved the fact finder from a state of non-persuasion to one of persuasion.

Here, Appellant was charged with, and *confessed to* the second degree felony offense of indecency with a child by contact. By virtue of a plea bargain *agreement,* he *pled guilty* to the third degree felony offense of indecency with a child by exposure. After accepting the benefits of the plea bargain for more than six years before the amended motion to revoke community supervision was filed, Appellant is not suggesting that he is innocent of the offense of indecency with a child by exposure or that he was somehow tricked into pleading guilty to an offense that never occurred. Furthermore, no one is suggesting that independent evidence of his guilt does not exist or that the problem here is anything other than carelessness on the part of the attorneys involved. But for the failure of counsel and the court to carefully read the plea papers, specifically the

8

*Stipulation of Evidence,* Appellant would not have before this Court the argument he now contends should result in an acquittal. In light of the procedural posture of this case, it is hard to imagine how the lack of substantiating evidence moved the trial court from a state of non-persuasion to one of persuasion. Furthermore, if this Court were to grant Appellant the relief he requests, he would still face prosecution for the more serious offense of indecency with a child by contact. From the totality of the record, it strains credulity to somehow find that Appellant was harmed by this error. Therefore, even if we addressed Appellant's first issue, any error would be harmless.

### III. Issue Two – Attorney's Fees

By his second issue, Appellant contends that because the record does not contain sufficient evidence to demonstrate his financial ability to offset the cost of court-provided legal services, the trial court erred in ordering the reimbursement of attorney's fees. *See Mayer v. State,* 274 S.W.3d 898 (Tex.App.–Amarillo 2008, pet. granted). Because this issue does not come within the exception to the general rule that the validity of the original conviction cannot be raised on appeal from an order revoking community supervision, *Burrell,* 492 S.W.2d at 482, we need not address that issue.

That said, a plea agreement is generally held to constitute a contractual arrangement between the State and the defendant. *State v. Moore*, 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). Moreover, "[w]hen a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and

9

voluntarily unless he shows otherwise." *Moore,* 240 S.W.3d at 251 (quoting *Ex parte Williams*, 637 S.W.2d at 947). In the absence of any evidence establishing Appellant did not knowingly and voluntarily agree to pay $250 in court-appointed fees incurred in the original proceeding, the trial court committed no error by accepting the plea agreement as some evidence of Appellant's willingness and ability to pay. Appellant's second issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.